KARL R. LINDEGREN, SBN 125914
SHAUN J. VOIGT, SBN 265721
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL YALE, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WIZARDS OF THE COAST LLC and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. _____ <br><br> *[Removed from Santa Clara County Superior Court Case No.: 1-15-CV-287452* <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441 & 1446 (CAFA)** <br><br> Complaint Filed: October 29, 2015 <br> Trial Date: None |

TO PLAINTIFF PAUL YALE AND HIS COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant WIZARDS OF THE COAST LLC ("Defendant" or "Wizards"), through its counsel of record, hereby removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. This removal is based on the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, and is proper for the reasons stated below:

I.

## THE STATE COURT ACTION

1. On October 29, 2015, Plaintiff PAUL YALE ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California, County of Santa Clara, entitled *Paul Yale, individually and on behalf of others similarly situated v. Wizards of the Coast LLC and DOES 1 through 100, inclusive,* Santa Clara Superior Court Case No. 1-15-CV-287452 (hereafter referred to as the "Complaint"). A true and correct copy of Plaintiff's Summons and Complaint is included and attached hereto as **Exhibit 1**.

2. Plaintiff's Complaint alleges the following ten (10) causes of action against Wizards: (1) Failure to Pay Minimum Wages (I.W.C. Order No. 4-2001, and Cal. Lab. Code §§ 204, 1118.12, 1194, 1197; (2) Failure to Pay Overtime Wages (I.W.C. Order No. 4-2001, and Cal. Lab. Code §§ 204, 510, 1194, 1198); (3) Failure to Provide Meal Periods (I.W.C. Order No. 4-2001, and Cal. Lab. Code §§ 226.7, 512); (4) Failure to Provide Rest Periods (I.W.C. Order No. 4-2001, and Cal. Lab. Code § 226.7); (5) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802); (6) Late Payment of Wages (Cal. Lab. Code § 204); (7) Failure to Furnish Timely and Accurate Wage Statements (Cal. Lab. Code §§ 226, 226.3); (8) Failure to Maintain Accurate Payroll Records (Cal. Lab. Code §§ 1174, 1174.5; (9) Unlawful and/or Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (10) Violation of the Private Attorney General Act ("PAGA") (Cal. Lab. Code § 2698, *et seq.*). [*See* **Exhibit 1**.]

3. On October 30, 2015, Wizards was served with the Summons and Complaint. [*See* **Exhibit 1**.] On November 30, 2015, Wizards was served with a notice deeming the case complex. A true and correct copy of the notice deeming the case complex is included and attached hereto as **Exhibit 2**. On December 16, 2015, Wizards filed a Notice of Appearance. A true and correct copy of Wizards' Notice of Appearance filed with the superior court is included and attached hereto

as **Exhibit 3**. Pursuant to 28 U.S.C. § 1446(a), correct copies of all process, pleadings, and orders served on Defendant are attached hereto as **Exhibits 1-3**. Based on information and belief, there are no other pleadings filed in this matter.

4.  Pursuant to 28 U.S.C. section 1446(d), Wizards will, promptly after filing the Notice of Removal, serve written notice thereof to all adverse parties and will file a copy of this Notice of Removal with the clerk of the Superior Court of California, County of Santa Clara, from which this case was removed. A copy of the Notice of Filing Petition for Removal with the state court, without exhibits, is attached hereto as **Exhibit 4**, and a copy of the Notice to Adverse Party of Removal to Federal Court, without exhibits, is attached hereto as **Exhibit 5**.

## II.
## REMOVAL JURISDICTION PURSUANT TO THE CAFA

5.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests district courts with original jurisdiction over any civil action: (a) that is a class action with a putative class of at least one hundred individuals; (b) in which any member of a class of plaintiffs is a citizen of a state that is different from any defendant; and (c) in which the amount in controversy exceeds the statutory minimum under CAFA, exclusive of interest and costs. 28 U.S.C. §§ 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. Moreover, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), 1441(a), and 1446. As set forth below, this case meets each of CAFA's requirements for removal, and this removal is timely. Accordingly, this action is properly removed by the filing of this Notice.

///
///
///
///

### A. Plaintiff's Complaint is Pled As a Class Action

6. Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. In the Complaint, Plaintiff asserts that he is attempting to "bring[] this class action lawsuit individually and on behalf of other individuals who worked as Judges levels one through three for [Wizards] … in California." [Complaint, ¶ 2.] Plaintiff further alleges that he "brings this action on behalf of himself and all similarly situated Judges, as a class action pursuant to California Code of Civil Procedure § 382." [Complaint, ¶ 20.] In that same paragraph, Plaintiff asserts that "[t]he class which [he] seeks to represent is defined as: All current and former Judges levels one to three who worked for [Wizards] in California during the period commencing four years from the filing of this action through the entry of final judgment in this action." [*Id.*]

8. Because Plaintiff is pursuing this case as a class action, this threshold requirement under CAFA is easily satisfied here.

### B. The Proposed Class Contains More Than 100 Members

9. District courts have original jurisdiction over a class action under CAFA if the number of class members in the class proposed by the plaintiff includes no less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

10. In the Complaint, Plaintiff alleges that "the proposed class is numerous, likely exceeding 300 during the Class Period." [Complaint, ¶ 24.]

11. Based on Plaintiff's proposed class definition as set forth in the Complaint, there are in excess of 100 putative class members in this case. [Complaint, ¶ 24; *see also* Declaration of Nicholas Mitchell in Support of Notice of Removal ("Mitchell Decl."), ¶ 5.] Accordingly, the number of members of the proposed class is sufficient to meet this CAFA requirement.

### C. There Is Diversity Between Plaintiff and Wizards

12. Only minimal diversity is required under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A), 1453(b). This requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

13. Allegations of residency create a rebuttable presumption of domicile supporting diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994). Here, Plaintiff alleges that he is and at all relevant times was a domiciled resident and a citizen of the state of California. [Complaint, ¶¶ 6 ("Plaintiff is, and at all relevant times, was a domiciled resident and a citizen of the State of California"); *see also* Complaint, ¶ 7 ("Plaintiff is a resident of California").]

14. Wizards is now, and was at the time this action was commenced, a citizen of the state of Delaware within the meaning of 28 U.S.C. §1332(c)(1), because it is a limited liability company organized under the laws of the State of Delaware. [Mitchell Decl, at ¶ 2.] Additionally, at all material times, Wizards has maintained its corporate headquarters and principal place of business, in Renton, Washington. [Mitchell Decl., at ¶ 2.] Therefore, Wizards is and at the time of filing was a citizen of only two states: Delaware and Washington. *See, e.g., Hertz Corp v. Friend*, 130 S.Ct. 1181, 1183-1185, 1190-1192 (2010).

15. Doe Defendants 1 through 100 are not identified, have not been served, and are not considered for purposes of removal. *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Thus, Plaintiff and Wizards are citizens of different states for purposes of federal jurisdiction under CAFA. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

///

### D. The Amount in Controversy In This Case Exceeds The Statutory Minimum For Removal Under CAFA

17. CAFA authorizes the removal of class action cases in which, among the other factors addressed above, the amount in controversy for all class members exceeds the statutory minimum as set forth in 28 U.S.C. § 1332(d)(2). In determining the amount in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorney's fees, are properly included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

18. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dark Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (*Dark Cherokee*); *see also* 28 U.S.C. § 1446(a). Supporting evidence is required only if the plaintiff contests, or the district court questions, the allegations contained within the notice. *Dark Cherokee, supra,* 135 S.Ct. at 554. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal jurisdiction. *Id.* at 553.

19. In the Complaint, Plaintiff alleges that he "and similarly situated Judges performed work on behalf of Defendant without monetary compensation [.]" [Complaint, ¶ 33.] As a result, Plaintiff seeks to recover "compensation in an amount to be determined at trial." [Complaint, ¶ 34.] Plaintiff further alleges that he "and similarly situated Judges regularly worked in excess of eight (8) hours per day without compensation," and "[a]s a result … Plaintiffs and similarly situated Judges have been deprived of overtime compensation…" [Complaint, ¶¶ 38-40.] Plaintiff also alleges that he "and similarly situated Judges have worked in excess of five (5) hours and at times ten (10) hours a day without being provided at least half hour meal periods…" resulting in "one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not

provided..." [Complaint, ¶¶ 44-45.] Similarly, Plaintiff alleges that he "and similarly situated Judges have regularly worked without any rest periods" and as a result, Wizards "is liable to Plaintiff and similarly situated Judges for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided..." [Complaint, ¶¶ 48-49.] Plaintiff further seeks reimbursement for "expenses [allegedly incurred] during two to three-day tournaments, such as for meals, lodging, and laundering the single uniform provided to each Judge, which were not reimbursed by Defendant." [Complaint, ¶¶ 53-54.] In addition to the above, Plaintiff seeks "a civil penalty of one hundred dollars ($100) for each initial violation and two hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld" for alleged violations of *Labor Code* § 204; "[f]ifty dollars ($50.00) per employee for the initial pay period in which a violation occurs … [and] [o]ne hundred dollars ($100.00) per employee for each violation in a subsequent pay period…" for alleged violations of *Labor Code* § 226; "two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation…" for alleged violations of *Labor Code* § 226.3; and penalties pursuant to *Labor Code* section 1174(d) for Wizards alleged failure to maintain payroll records. [Complaint, ¶¶ 60-61, 66-67, and 73-74.] Finally, Plaintiff seeks penalties pursuant to California's Private Attorneys General Act, as well as injunctive relief and restitution pursuant to *Business & Professions Code* section 17200 et seq. [Complaint, ¶¶ 76-88.] In addition to wages and penalties, Plaintiff seeks interest, expenses, costs, and an award of attorneys' fees. [*See* Complaint, Prayer for Relief.]

20. Plaintiff does not allege any specific amount in controversy in the Complaint. [*See generally*, Complaint.] Because the amount in controversy is indeterminate, Defendant performed a preliminary analysis of its records for the purpose of calculating the amount in controversy in this action.

21. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are based, and the resulting claims for monetary and other relief. However, assuming Plaintiff's claims to be true for purposes of this removal only, it is apparent from Wizard's calculations that Plaintiff seeks monetary relief exceeding CAFA's jurisdictional minimum. Specifically, Defendant's analysis, based on its internal records, the putative class definition, and the allegations set forth in the Complaint, reveals that the amount in controversy for this action exceeds the statutory minimum under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also* Mitchell Decl., at ¶¶ 1, 3-7.

### III.

### THE REMOVAL IS TIMELY

22. This Notice is timely filed as the Complaint is indeterminate as to the amount in controversy, and Defendant has not received a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable. See 28 U.S.C. § 1446(b)(3); *Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F3d 1136, 1139 (9th Cir. 2013); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir.2013); *Hubbs v. Big Lot Stores, Inc.*, 2015 WL 3644002 (C.D. Cal. June 9, 2015).

23. Without conceding any requirement to do so, Wizards has filed the instant Notice within 30 days after its internal analysis revealed that the amount in controversy in this action exceeds the statutory/jurisdictional minimum under CAFA, as set forth in 28 U.S.C. § 1332(d)(2). [Mitchell Decl., at ¶¶ 1, 3-7.] Accordingly, the removal of this action is proper and timely.

///

///

///

///

///

1    WHEREFORE, Wizards hereby removes the above-entitled action now
2 pending in the Superior Court of the State of California, County of Santa Clara, to
3 the United States District Court for the Northern District of California.

5 DATE: December 31, 2015                FISHER & PHILLIPS LLP

                                         By:  /s/ Shaun J. Voigt
                                              KARL R. LINDEGREN
                                              SHAUN J. VOIGT
                                              Attorneys for Defendant,
                                              WIZARDS OF THE COAST LLC