EXHIBIT "1"

1 DAVID BORGEN, CA Bar No. 099354
  dborgen@gbdhlegal.com
2 GOLDSTEIN, BORGEN, DARDARIAN & HO
  300 Lakeside Drive, Suite 1000
3 Oakland, CA 94612
  (510) 763-9800; (510) 835-1417 (fax)

4 MICHAEL MALK, CA Bar No. 222366
  mm@malklawfirm.com
5 MICHAELMALK, ESQ. APC
  1180 S. Beverly Drive, Suite 302
6 Los Angeles, CA 90035
  (310) 203-0016; (310) 499-5210 (fax)

7

Attorneys for Plaintiff and the Putative Class

8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF SANTA CLARA

10

| | |
|---|---|
| PAUL YALE, individually and on behalf of others similarly situated, | Case No.: |
| | CLASS ACTION |
| Plaintiff, | **COMPLAINT** |
| vs. | (1) FAILURE TO PAY MINIMUM WAGES (I.W.C. ORDER NO. 4-2001, AND CAL. LAB. CODE §§ 204, 1118.12, 1194, 1197); |
| WIZARDS OF THE COAST, LLC and DOES 1 through 100, inclusive, | (2) FAILURE TO PAY OVERTIME WAGES (I.W.C. ORDER NO. 4-2001, AND CAL. LAB. CODE §§ 204, 510, 1194, 1198); |
| Defendant. | (3) FAILURE TO PROVIDE MEAL PERIODS (I.W.C. ORDER NO. 4-2001, AND CAL. LAB. CODE §§ 226.7, 512); |
| | (4) FAILURE TO PROVIDE REST PERIODS (I.W.C. ORDER NO. 4-2001, AND CAL. LAB. CODE § 226.7); |
| | (5) FAILURE TO REIMBURSE BUSINESS EXPENSES (CAL. LAB. CODE § 2802); |
| | (6) LATE PAYMENT OF WAGES (CAL. LAB. CODE § 204); |
| | (7) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS (CAL. LAB. CODE §§ 226, 226.3); |
| | (8) FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (CAL. LAB. CODE §§ 1174, 1174.5); |
| | (9) UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200, *et seq.*); |
| | (10) VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT ("PAGA") (CAL. LAB. CODE § 2698, *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

419403-5

1.    Plaintiff PAUL YALE("Plaintiff") alleges as follows on behalf of himself, all others similarly situated, and the general public:

## I.    INTRODUCTION

2.    Plaintiff brings this class action lawsuit individually and on behalf of other individuals who worked as Judges levels one through three for Defendant WIZARDS OF THE COAST, LLC ("Defendant" or "Wizards") in California.  He seeks compensation for unpaid minimum and overtime wages, missed meal and rest breaks, failure to timely pay wages, failure to furnish timely and accurate wage statements, failure to maintain accurate payroll records, unreimbursed business expenses, and interest and penalties thereon; and reasonable attorneys' fees and costs, under, inter alia, California Labor Code §§ 218.5, 226, 1194, 2699, 2802, Code of Civil Procedure § 1021.5, and Business and Professions Code § 17200 based upon the allegation that Defendant's violations of California's wage and hour laws and Fair Labor Standards Act ("FLSA"), as described more fully below, had been ongoing for at least four years prior to the filing of this action and will continue until enjoined by the Court.

## II.    JURISDICTION AND VENUE

3.    Venue as to Defendant is proper in this Court pursuant to California Code of Civil Procedure § 395(a) and § 395.5.  The unlawful, fraudulent, deceptive and unfair conduct, practices, activities, policies and procedures challenged and complained of herein occurred in the County of Santa Clara.  Defendant either owns, maintains offices, or transacts business, within the County of Santa Clara or otherwise is found within this judicial district of the State of California, and Defendant is within the jurisdiction of this Court for purposes of service of process.  Wizards is an out-of-state limited liability company that has not filed a statement with the Secretary of State designating a principal office in California.  During different periods over the last four years, Plaintiff worked for Defendant on a near-weekly basis (and sometimes more than once per week) as a Judge for Friday Night Magic events, as well as weekly D & D Encounters programs, at Legends Comics and Games located in Cupertino, County of Santa Clara.  He also worked for Defendant as judge for special events at the Channel Fireball Game Center in Santa Clara.

4.      Plaintiff further alleges that the proposed class is found around the State of California, and the County of Santa Clara will provide a practical and convenient venue for the common issues alleged in this case.

5.      This Court has jurisdiction over this action which alleges solely California state law labor code and Business & Professions Code claims.

6.      Plaintiff further alleges that this matter cannot be maintained in federal court because this action raises no federal questions over which a federal court would have jurisdiction.  Plaintiff is, and at all relevant times, was a domiciled resident and citizen of the State of California.  Plaintiff is informed and believes that Defendant was his employer.

### III.      PARTIES

**A.      <u>Plaintiff</u>**

7.      Plaintiff is a resident of California.  The acts complained of herein occurred within the last four (4) years preceding the filing of the Complaint and continue to the present.

8.      Mr. Yale has worked as a Judge for Defendant in California from approximately April 1997 through the present.  At all times during Mr. Yale's work as a Judge for Defendant, Defendant failed to pay him minimum and overtime wages, provide off-duty meal and rest periods or pay meal/rest premium compensation for missed or on-duty meal and rest periods, or reimburse his reasonably incurred business expenses, as required by the California Labor Code.  Mr. Yale has not been provided with accurate itemized wage statements because he has not been paid for any of the hours he worked.  Additionally, Defendant has failed to keep accurate payroll records showing the actual number of hours worked.

**B.      <u>Defendant</u>**

9.      According to California Secretary of State records, Wizards is a Foreign Limited Liability Company.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Wizards is qualified to do business and actually doing business in the State of California, but does not reside or maintain its principal place of business in California.  Wizards owns and operates an industry, business and establishment within the State of California, including but not limited to the

1   County of Santa Clara for the purpose of selling games and game-related products, within the State of

2   California.  Thus, Wizards is subject to the California Labor Code and California Business and

3   Professions Code § 17200, *et seq.* (Unfair Practices Act claims alleged herein).

4        10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

5   Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore

6   sues Defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiff is informed

7   and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is

8   legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of

9   court to amend this Complaint to reflect the true names and capacities of the Defendants designated

10  hereinafter as DOES when such identities become known. Defendant Wizards of the Coast, LLC and

11  Does 1-100 shall collectively be referred to as "Defendant."

12

13                          **IV.     FACTUAL BACKGROUND**

14       11.     Wizards is a for-profit business that sells products related to a collectible card game

15  called Magic the Gathering ("Magic").

16       12.     Defendant runs an extensive and highly regulated system of tournaments for Magic

17  players.  The tournaments are created, controlled, and regulated by Defendant.  Tournaments are used

18  as a marketing tool to keep players active in the game and give Defendant a means to sell their product.

19       13.     Tournaments are overseen by Judges who are highly regulated by Defendant.

20  Defendant maintains a system of Judge Levels from one to five, with increasing work requirements.

21       14.     Becoming a Judge requires registering with Defendant, going through training and

22  testing, and documenting participation in tournaments.  Acquiring and maintaining certification as a

23  Judge requires around twenty-five hours per month per Judge Level.  Judges are expected to read

24  extensive announcements, directives, instructions, rulings, and discussions by e-mail and on various

25  Wizards' websites, provide their contact information on the Wizards' website, contribute reports,

26  renew their certification with regular testing, train other Judges, and provide evaluations of other

27  Judges.

28

15.    Outside of tournaments, Wizards uses Judges as representatives to retailers and players. Judges are expected to be available to provide customer service, instruction, and support to retailers and players and investigate and submit reports regarding retailers' compliance with Wizards policy. Wizards maintains a listing of Judges with their contact information, certifications, and activity for the use of its retailers and customers.  Failure to act in accordance with Wizards requirements at any time is considered a breach of the certification and disciplinary or other punitive measures are taken. Although some Judges may receive product from Wizards, generally, Wizards does not pay Judges for their time worked.

16.    The work performed by Judges for the benefit of Defendant and under its close supervision and control created an employer and employee relationship which obligated Defendant to pay Plaintiff and similarly situated Judges wages compliant with the California Labor Code, including but not limited to minimum and overtime wages and wages for missed meal and rest periods. Defendant, by creating an employer and employee relationship with Plaintiff and similarly situated Judges, was also required to comply with other provisions of the California Labor Code including the requirements to furnish accurate and timely wage statements, maintain adequate pay roll records, and reimburse employee business expenses.

17.    There are about 300 Judges in California.  They are not paid wages, given meal or rest breaks, given timely or accurate wage statements, or fully reimbursed for their business expenses.

18.    Defendant also failed to record the actual hours worked by Plaintiff and similarly situated Judges.  As a result, Defendant failed to itemize the total hours worked or even furnish any form of wage statement to Plaintiff and similarly situated Judges.

19.    Plaintiff is informed and on that basis alleges that Defendant has not properly maintained payroll records showing the actual hours worked each day by Judges, including Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action on behalf of himself and all similarly situated Judges, as a class action pursuant to California Code of Civil Procedure § 382.  The class which Plaintiff seeks to represent is defined as:  All current and former Judges levels one to three who worked for Wizards,

1    LLC in California during the period commencing four years from the filing of this action through the

2    entry of final judgment in this action.

3        21.    Plaintiff, pursuant to the applicable California Rules of Court, may hereby amend and

4    further modify the classes described herein into divisions for particular issues.

5        22.    The claims herein have been brought and may properly be maintained as a class action

6    under Code of Civil Procedure § 382 because there is a well-defined community of interest among

7    class members with respect to the claims asserted herein and the proposed class is easily ascertainable.

8        23.    **Ascertainability**: The proposed classes consist of readily ascertainable persons. The

9    entire membership of the classes is unknown to Plaintiff at this time; however, the identity of such

10   membership is readily ascertainable via inspection of Defendant's records of Judges.

11       24.    **Numerosity**: Plaintiff is informed and believes, and based thereupon alleges, that the

12   proposed class is numerous, likely exceeding 300 during the Class Period. The potential quantity of

13   Class members is so numerous that joinder of all members would he unfeasible and highly impractical.

14       25.    **Typicality**: The claims of Plaintiff for damages, penalties, and restitution are typical of

15   all proposed class members. Plaintiff and the proposed Class suffered a common injury as a result of

16   Defendant's common course of unlawful conduct.

17       26.    **Adequacy**: Plaintiff is a member of the proposed class. Plaintiff is informed of his

18   duties as a class representative and has committed to serving in that capacity as a fair and adequate

19   representative. Plaintiff's interests in the pursuit of the case are not adverse to the interest of other

20   class members, and Plaintiff is aware of no conflicts of interest that are capable of destroying his

21   adequacy to pursue the claims made herein. Plaintiff's counsel are competent and experienced in

22   litigating complex wage and hour class actions.

23       27.    **Superiority**: Class certification is appropriate because a class action is superior to

24   other available means for the fair and efficient adjudication of this controversy. Each class member

25   has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices set

26   forth above. Class action treatment will allow those similarly situated persons to litigate their claims in

27   the manner that is most efficient and economical for the parties and the judicial system.

28

28.    **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes including, without limitation:

a.    Whether a for-profit company can evade state labor laws through use of unpaid volunteer labor;

b.    Whether Wizards is an employer of Plaintiff and the Class within the meaning of California Labor Code;

c.    Whether Defendant's failure to compensate Plaintiff and the Class violates California's minimum and overtime wage laws;

d.    Whether Defendant's failure to provide meal and rest periods to Plaintiff and the Class violates the California Labor Code;

e.    Whether Defendant's failure to furnish timely and accurate wage statements violates the California Labor Code;

f.    Whether Defendant's failure to maintain adequate payroll records violates the California Labor Code;

g.    Whether Defendant was required, under the California Labor Code, to reimburse Plaintiff and the Class for their necessary business expenses; and

h.    Whether Defendant's California Labor Code violations constitute unlawful, unfair, and/or fraudulent business practices, under Business & Professions Code § 17200, *et seq.*

29.    **Manageability of Class and Common Modes of Proof:** The nature of this action and the nature of laws available to Plaintiff make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Specifically, Defendant maintains all records necessary to identify each and every Class member. Plaintiff is also informed and believes, and based thereon alleges that Defendant keeps detailed records of the identity of Judges, Judges' contact information, and the tournaments at which each Judge worked. To the extent the Defendant maintains inadequate records, or has not retained records, Plaintiff proposes surveys, representative testimony of Class members, and record sampling done on a statistically significant and randomized basis to prove each claim as hereinafter alleged. Initial investigation shows

1    a clear and common pattern and practice of California Labor Code violations to both lower their labor

2    costs and to increase their profitability for game and game-related product sales.  Further, Defendant

3    utilized this uniform practice and procedure to gain an unfair competitive advantage over other sellers

4    of game and game-related products by lowering its labor costs.  The unpaid wages in this case are

5    easily capable of being estimated in part, by reference to Wizards' databases which record, *inter alia*,

6    the number of "rounds" judged by each Judge.  A time value may be assigned to each round in the

7    absence of the required time cards, aggrieved employees may estimate their unpaid hours of work,

8    including training time, set up time, etc.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727-28 (1998)

9    (where employer fails to keep accurate records of hours worked, plaintiffs' credible evidence regarding

10   hours worked is dispositive).  The damages for unreimbursed business expenses can be determined

11   based on surveys and representative testimony.  Plaintiff and the members of the Class herein

12   mentioned are entitled to monies and information unlawfully withheld from them by Defendant.

13   Further, the public is entitled to restitution and disgorgement of those funds being improperly withheld

14   by Defendant.  This action is brought for the benefit of the public, for the benefit of the affected

15   employees, to promote the public policy of the State of California to protect employee wages and to

16   prevent unfair competition in lending.

17                                    **FIRST CAUSE OF ACTION**
18   **(Failure to Pay Minimum Wages in Violation of California Labor Code §§ 204,**
     **1182.12, 1194, 1197, and I.W.C. Wage Order 4-2001)**

19        30.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

20        31.    Labor Code § 1194(a) provides that "Notwithstanding any agreement to work for a

21   lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

22   compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of

23   the full amount of this minimum wage or overtime compensation, including interest thereon,

24   reasonable attorney's fees, and costs of suit."

25        32.    Labor Code § 1194.2(a) provides that, "In any action under . . . Section 1194 to recover

26   wages because of the payment of a wage less than the minimum wage fixed by an order of the

27   commission, an employee shall be entitled to recover liquidated damages in an amount equal to the

28   wages unlawfully unpaid and interest thereon."

33.     Plaintiff and similarly situated Judges performed work on behalf of Defendant without monetary compensation, during the course of their employment, as required by Labor Code §§ 204, 1182.12, 1194, 1197 and I.W.C. Wage Order 4-2001.

34.     As a result of Defendant's unlawful acts, Plaintiff and similarly situated Judges have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, liquidated damages under Labor Code § 1194.2, and attorneys' fees and costs, under Labor Code §§ 218.5, 218.6, and 1194.

35.     Plaintiff, on behalf of himself and similarly situated Judges, also requests further relief as described below.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime Wages in Violation of California Labor Code §§ 204, 510, 1194, 1198, and I.W.C. Wage Order 4-2001)**

36.     Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

37.     Labor Code § 510 and the "Hours & Days of Work" Section of the I.W.C. Wage Order entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any work day, for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week, and for any work in excess of forty (40) hours in any one work week.

38.     On tournament days, Plaintiff and similarly situated Judges regularly worked in excess of eight (8) hours per day without compensation.

39.     By failing to pay overtime compensation to Plaintiff and similarly situated Judges, Defendant violated and continues to violate Labor Code §§ 204, 510 and I.W.C. Wage Order 4-2001.

40.     As a result of Defendant's unlawful acts, Plaintiff and similarly situated Judges have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

41.     Plaintiff, on behalf of himself and similarly situated Judges, also requests further relief as described below.

### THIRD CAUSE OF ACTION
**(Failure to Provide Mandated Meal Periods in Violation of
California Labor Code §§ 226.7, 512, and I.W.C. Wage Order 4-2001)**

42.   Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

43.   Defendant failed to maintain a policy of providing meal breaks as required by Labor Code §§ 226.7, 512 and I.W.C. Wage Order 4-2001.

44.   Since at least four years prior to the filing of this action, Plaintiff and similarly situated Judges have worked in excess of five (5) hours and at times ten (10) hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and Wage Order 4-2001.

45.   Because Defendant failed to provide proper meal periods, it is liable to all Plaintiffs and similarly situated Judges for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order 4-2001, as well as interest thereon, plus reasonable attorneys' fees and costs of suit.

46.   Plaintiff, on behalf of himself and similarly situated Judges, also requests further relief as described below.

### FOURTH CAUSE OF ACTION
**(Failure to Provide Mandated Rest Periods in Violation of
California Labor Code § 226.7 and I.W.C. Wage Order 4-2001)**

47.   Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

48.   Since at least four years prior to the commencement of this action, Plaintiff and similarly situated Judges have regularly worked without any rest periods that are required by I.W.C. Wage Order 4-2001. *See Brinker*, 53 Cal. 4th at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

49.   Because Defendant failed to provide proper rest periods, it is liable to Plaintiff and similarly situated Judges for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order 4-2001, as well as interest thereon, plus reasonable attorneys' fees and costs of suit.

50.     Plaintiff, on behalf of himself and similarly situated Judges, also requests relief as described below.

### FIFTH CAUSE OF ACTION
**(Failure to Reimburse for Business Expenses in Violation of California Labor Code § 2802)**

51.     Plaintiff re-allege each paragraph of this Complaint as though fully set forth.

52.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

53.     Beginning at least three years prior to the filing of this complaint, in order to discharge his Judge-related duties for Defendant, Plaintiff and similarly situated Judges have incurred expenses during two to three-day tournaments, such as for meals, lodging, and laundering the single uniform provided to each Judge, which were not reimbursed by Defendant.

54.     Plaintiff and similarly situated Judges are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

55.     Plaintiff, on behalf of himself and similarly situated Judges, also requests relief as described below.

### SIXTH CAUSE OF ACTION
**(Late Payment of Wages in Violation of California Labor Code § 204)**

56.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

57.     At all relevant times, Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

58.     At all relevant times, Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

59.     At all relevant times, Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

60.     During the relevant time period, Defendant willfully failed to pay Plaintiff and similarly situated Judges all wages due to them, including but not limited to minimum and overtime wages, wages for missed meal and rest breaks, and necessary business-related costs and expenses, within any time period permissible by Labor Code § 204.

61.     Plaintiff and similarly situated Judges are entitled to recover all remedies available for violations of Labor Code § 204, including Labor Code § 210, which provides that every person who fails to pay the wages of each employee in violation of Labor Code § 204 shall be subjected to a civil penalty of one hundred dollars ($100) for each initial violation and two hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

62.     Plaintiff, on behalf of himself and similarly situated Judges, also requests relief as described below.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**(Failure to Furnish Timely and Accurate Itemized Wage Statements**
**in Violation of California Labor Code §§ 226, 226.3)**

</div>

63.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

64.     Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things:  (1) gross wages earned; (2) total hours worked by each respective individual; (3) all deductions; (4) net wages earned; (5) inclusive dates of the period for which the employee is paid; (6) the name of the employee and an employee identification or social security number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual.

65.     As a pattern and practice, in violation of Labor Code § 226(a), Defendant did not provide Plaintiff or similarly situated Judges with accurate itemized wage statements in writing showing: (1) regular rate of pay; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) inclusive dates of the period for which the employee is paid; (6) the name of the employee

<div align="center">

11

</div>

1   and an employee identification or social security number; (7) the name and address of the legal entity

2   that is the employer; and (8) all applicable hourly rates in effect during each respective pay period and

3   the corresponding number of hours worked by each respective individual.  Specifically, Defendant

4   issued no pay statements whatsoever.

5       66.    Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a)

6   on each and every wage statement provided to Plaintiff and Class and Subclass Members.

7       67.    Pursuant to Labor Code § 226(e), the Plaintiff and similarly situated Judges are entitled

8   to penalties as follows:

9           a.    Fifty dollars ($50.00) per employee for the initial pay period in which a

10              violation occurs;

11          b.    One hundred dollars ($100.00) per employee for each violation in a subsequent

12              pay period, not to exceed $4,000 per claimant; and

13          c.    Pursuant to Labor Code § 226(g), the Plaintiff and similarly situated Judges are

14              entitled to injunctive relief to ensure Defendant's compliance with Labor Code §

15              226.

16      68.    Additionally, Labor Code § 226.3 imposes a civil penalty in addition to any other

17   penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first

18   violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of

19   Labor Code § 226(a).

20      69.    The Plaintiff and similarly situated Judges are entitled to an award of costs and

21   reasonable attorneys' fees under Labor Code § 226(h).

22      70.    Plaintiff, on behalf of himself and similarly situated Judges, also requests relief as

23   described below.

### EIGHTH CAUSE OF ACTION
**(Failure to Maintain Accurate Payroll Records in Violation of
Labor Code §§ 1174, 1174.5; I.W.C. Wage Order 4-2001)**

26      71.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

27      72.    Labor Code § 1174(d) requires in part that employers maintain payroll records showing

28   the hours worked daily by their employees and wages paid to their employees.  Pursuant to Labor Code

1    § 1174.5, any person employing labor who willfully fails to maintain accurate and complete records

2    required by Labor Code § 1174(d) is subject to a penalty.

3         73.    Defendant has violated Labor Code § 1174 and I.W.C. Wage Order 4-2001 by willfully

4    failing to keep required payroll records showing the actual hours worked each day by Plaintiff and

5    similarly situated Judges.

6         74.    As a direct and proximate result of Defendant's failure to maintain payroll records,

7    Plaintiff and similarly situated Judges have suffered actual economic harm because they have been

8    precluded from accurately monitoring the number of hours worked and thus seeking all accrued

9    minimum and overtime wages.

10        75.    Plaintiff, on behalf of himself and similarly situated Judges, requests further relief as

11   described below.

12                              **NINTH CAUSE OF ACTION**
                          **(Unfair Business Practices in Violation of**
13                      **California Bus. & Prof. Code §§ 17200 *et seq.*)**

14        76.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

15        77.    Plaintiff brings this cause of action individually and as a representative of all others

16   subject to Defendant's unlawful acts and practices.

17        78.    Business and Professions Code § 17200 prohibits unfair competition in the form of any

18   unlawful, unfair, or fraudulent business act or practice.

19        79.    Business and Professions Code § 17204 allows "any person who has suffered injury in

20   fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition

21   Law.

22        80.    Beginning at least four years prior to the filing of this action, and continuing to the

23   present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as

24   defined by Business and Professions Code § 17200 by failing to pay minimum and overtime wages,

25   provide meal and rest breaks, pay wages on time, furnish timely and accurate wage statements,

26   maintain accurate payroll records, and reimburse business expenses in violation of state law and the

27   federal FLSA of 1938.

28

81.    The above-described unlawful actions of Defendant constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, *et seq.*

82.    As a result of their unlawful acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff, and the Class he seeks to represent.  Defendant should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff and the members of the Class including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

83.    Plaintiff, on behalf of himself and similarly situated Judges, also requests relief as described below.

### TENTH CAUSE OF ACTION
**(Violation of the Private Attorney General Act ("PAGA")**
**Labor Code Section 2698, *et seq.*)**

84.    Plaintiff realleges each paragraph of this Complaint as if fully set forth.

85.    California Labor Code Division 2, Part 2, Chapter 1, Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

86.    Plaintiff has fully complied with the procedural requirements specified in Labor Code § 2699.3 as to each of the alleged violations.  A true and correct copy of the notice sent via certified mail to the Defendant and California's Labor and Workforce Development Agency is attached as Exhibit 1.  Within 33 days of mailing Exhibit 1, the Labor and Workforce Development Agency has failed to indicate that it intends to investigate the violations alleged by Plaintiff, and Plaintiff is entitled to pursue causes of action pursuant to Labor Code § 2699, *et seq.*, the Private Attorney General Act ("PAGA").

87.     Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiff is incurring a financial burden in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*, Labor Code § 2699.

88.     As a result of the violations alleged, Plaintiff, as an aggrieved employee on behalf of himself and other similarly situated employees employed by Defendant, seeks all civil penalties available pursuant to Labor Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs of suit.

<div align="center">

**REQUEST FOR JURY TRIAL**

</div>

Plaintiff requests trial by jury for all claims so triable.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment against Defendant as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     That the Court declare that Defendant's policies and/or practices of failing to pay minimum and overtime wages violate California law;

3.     That the Court declare that Defendant's policies and/or practices of failing to provide meal and rest breaks violate California law;

4.     That the Court declare that Defendant's policies and/or practices of failing to timely pay wages violate California law;

5.     That the Court declare that Defendant's policies and/or practices of failing to furnish timely and accurate wage statements violate California law;

6.     That the Court declare that Defendant's policies and/or practices of failing to maintain accurate payroll records violate California law;

7.     That the Court declare that Defendant's policies and/or practices violate California law

1   by failing to reimburse all business expenses incurred by Judges in the discharge of their duties as

2   employees of Defendant;

3       8.      That the Court declare that Defendant's above-mentioned polices and/or practices

4   violate Business and Professions Code § 17200, *et seq.*

5       9.      An order preliminarily and permanently enjoining Defendant from engaging in the

6   practices challenged herein;

7       10.     A mandatory injunction requiring Wizards to incorporate a non-profit recreational

8   gaming entity that could lawfully utilize unpaid volunteers.

9       11.     An award to Judges all unpaid minimum and overtime wages, liquidated damages under

10  California Labor Code § 1194.2, wages under California Labor Code § 226.7 for each missed meal or

11  rest period, and unreimbursed business expenses, and interest thereon, they are owed, subject to proof

12  at trial;

13      12.     Compensatory damages in an amount according to proof;

14      13.     Economic damages in an amount according to proof;

15      14.     Interest accrued to date under the California Labor Code, including under Labor Code

16  §§ 204, 218.6, 221, 226.7, 510, and  2802;

17      15.     Costs of suit incurred herein under the California Labor Code;

18      16.     Reasonable attorneys' fees, including under California Labor Code §§ 218.5, 226, 1194,

19  2699, 2802, and Civ. Code § 1021.5, and/or other applicable law;

20      17.     For an order that Defendant make restitution to Plaintiff and the Class identified herein

21  due to their unlawful business practices as described herein pursuant to California Business and

22  Professions Code §§ 17200-17205; and

23      18.     Such other and further relief that the Court may deem just and proper.

24

25

26

27

28

1   Dated:  October 28, 2015                Respectfully submitted,

2                                           *Michael Malk*

3                                           DAVID BORGEN, CA Bar No. 099354
                                            dborgen@gbdhlegal.com
4                                           GOLDSTEIN, BORGEN, DARDARIAN & HO
                                            300 Lakeside Drive, Suite 1000
5                                           Oakland, CA  94612
                                            (510) 763-9800; (510) 835-1417 (fax)
6

7                                           MICHAEL MALK, CA Bar No. 222366
                                            mm@malklawfirm.com
8                                           MICHAELMALK, ESQ. APC
                                            1180 S. Beverly Drive, Suite 302
9                                           Los Angeles, CA 90035
                                            (310) 203-0016; (310) 499-5210 (fax)

10

11                                          Attorneys for Plaintiff and the Putative Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# Labor and Workforce Development Agency Notice

# Malk Law Firm

1180 SOUTH BEVERLY DRIVE, SUITE 302
LOS ANGELES, CALIFORNIA 90035
TELEPHONE (310) 203-0016
FACSIMILE (310) 499-5210
www.malklawfirm.com

September 25, 2015

**Via Certified Mail:**
Wizards of the Coast, LLC
1600 Lind Avenue SW, Ste 400
Renton, Washington 98055

Labor and Workforce Development Agency
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

Re:   ***Paul Yale v. Wizards of the Coast, LLC***
      Cal. Labor Code § 2699.3 <u>Notice of Intent to File PAGA Claims</u>

To Whom It May Concern,

Along with my co-counsel, Goldstein, Borgen, Dardarian & Ho, I represent Paul Yale.  The purpose of this letter is to give notice to you and the Labor and Workforce Development Agency that our client, Paul Yale, intends to file a lawsuit on behalf of himself and all "aggrieved employees" against Wizards of the Coast, LLC ("WOC") to allege penalties pursuant to the Private Attorney General's Act of 2004 ("PAGA," Cal. Labor Code § 2699, *et seq.*) based on WOC treating my client and all other Level 1 through 3 Judges (hereafter "similarly aggrieved employees") as "volunteers", and not employees.  Specifically:

1)   WOC failed to pay regular and overtime wages for all hours worked by Mr. Yale and other similarly aggrieved employees for their time spent working as Level 1 through 3 Judges at events and tournaments, including Friday Night Magic and store-based weekday events.  WOC further failed to compensate Mr. Yale and similarly aggrieved employees for mandatory continuing education, all in violation of Cal. Labor Code §§ 510, 1194, 1198;

2)   WOC failed to provide Mr. Yale and other similarly aggrieved employees with off-duty meal breaks in violation of Cal. Labor Code §§ 512 and 226.7;

3)   WOC failed to authorize and permit Mr. Yale and other similarly aggrieved employees with 10-minute rest breaks in violation of Cal. Labor Code §§ 512 and 226.7; and

4)   WOC failed to comply with itemized wage statement provisions in violation of California Labor Code §§ 226, 1174, and 1175, and never issued any itemized statements to Mr. Yale and the other similarly aggrieved employees.

Wizards of the Coast, LLC
September 25, 2015
Page 2

Since at least September 18, 2014, Mr. Yale other similarly aggrieved employees were subjected to the same uniform policies and procedures of WOC wherein WOC treated them as volunteers with no rights under the California Labor Code. However, Mr. Yale and the other similarly aggrieved employees were – and are – employees of WOC. In order to work as Level 1 through 3 Judges, Mr. Yale and other similarly aggrieved employees were required to take tests administered by, and register with, WOC, undergo training, document their participation in tournaments, and complete rigorous continuing education requirements. WOC expects Level 1 through 3 Judges to read extensive announcements, directives, instructions, rulings, and discussions by e-mail and on various WOC websites, provide their contact information on the WOC website, contribute reports, renew their certification with regular testing, train other Level 1 through 3 Judges, and provide evaluations of other Level 1 through 3 Judges. Moreover, the work of Mr. Yale and his other similarly aggrieved Level 1 through 3 Judges is performed under the close supervision and control of WOC, all of which creates an employer and employee relationship, and which entitles Mr. Yale and other similarly aggrieved employees with rights under the California Labor Code, including the rights to minimum and overtime wages, meal and rest breaks, and the right to receive regular itemized wage statements.

As such, pursuant to Labor Code § 2699.3, we write to inform you and the Labor and Workforce Development Agency of our intent to file a civil lawsuit against WOC to allege a PAGA claim in a lawsuit under Labor Code § 2699, *et seq.*, to be brought by Mr. Yale individually and on behalf of all other current and former aggrieved employees of WOC for penalties related to WOC's failure to pay regular and overtime wages, for failure to provide meal breaks and/or pay one hour of premium pay, for failure to authorize and permit rest breaks and/or pay one hour of premium pay, and failure to issue itemized wage statements.

<div style="text-align:center">

Very truly yours,
Goldstein, Borgen, Dadarian & Ho
Malk Law Firm


By:  Michael Malk

</div>

EXHIBIT "2"

**E-FILED**
Nov 18, 2015 9:42 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-15-CV-287452 Filing #G-78502
By R. Walker, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

PAUL YALE, individually and on behalf of
others similarly situated,

        Plaintiff,

   vs.

WIZARDS OF THE COAST, LLC and DOES
1 through 100, inclusive,

        Defendants.

Case No.: 1-15-CV-287452

ORDER DEEMING CASE
COMPLEX AND STAYING
DISCOVERY

Complaint Filed: October 29, 2015

Judge: Hon. Peter H. Kirwan
Dept: 1 (Complex Civil Litigation)

WHEREAS, the Complaint was filed by Plaintiff PAUL YALE ("Plaintiff") in the
Superior Court of California, County of Santa Clara, on October 29, 2015 and assigned to
Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding, pending a
ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning
of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including

*Yale v. Wizards of the Coast, LLC*
*Superior Court of California, County of Santa Clara, Case No. 1-15-CV-287452*
*Order Deeming Case Complex and Staying Discovery*

E-FILED: Nov 18, 2015 9:42 AM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-78502

1  discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable Peter H.

2  Kirwan presiding.

3       The parties are directed to the Electronic Filing and Service Standing Order and to the

4  Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded

5  from www.scefiling.org.

6       Electronic service under this Order shall be construed by the Court and all parties to be

7  equivalent to personal service. The two court days extension of time for electronic service

8  under CCP § 1010.6(a)(4), does not apply. Any document for which service has not been

9  completed by 5:00 p.m. is deemed served the following business day.

10      All parties are hereinafter ordered to submit to the Court's E-Filing website digital

11  copies of all documents that were previously manually filed prior to the entry of this Order.

12      Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the

13  Master Service List shall be under the auspices of (1) Plaintiff PAUL YALE, as the first-named

14  party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

15      Pursuant to Government Code section 70616(c), each party's complex case fee is due

16  within ten (10) calendar days of this date.

17      Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of

18  service within seven (7) days of service.

19      Any party objecting to the complex designation must file an objection and proof of

20  service within ten (10) days of service of this Order.  Any response to the objection must be

21  filed within seven (7) days of service of the objection.  The Court will make its ruling on the

22  submitted pleadings.

23      The Case Management Conference remains set for **February 26, 2016 at 10:00 a.m. in**

24  **Department 1** and all counsel are ordered to attend in person.

25      Counsel for all parties are ordered to meet and confer in person at least 15 days prior to

26  the First Case Management Conference and discuss the following issues:

27       1.  Issues related to recusal or disqualification;

28

*Yale v. Wizards of the Coast, LLC*
*Superior Court of California, County of Santa Clara, Case No. 1-15-CV-287452*
*Order Deeming Case Complex and Staying Discovery*

E-FILED: Nov 18, 2015 9:42 AM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-76502

2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery, which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

*Yale v. Wizards of the Coast, LLC*
*Superior Court of California, County of Santa Clara, Case No. 1-15-CV-287452*
*Order Deeming Case Complex and Staying Discovery*

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues -- the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to

*Yale v. Wizards of the Coast, LLC*
*Superior Court of California, County of Santa Clara, Case No. 1-15-CV-287452*
*Order Deeming Case Complex and Staying Discovery*

E-FILED: Nov 18, 2015 9:42 AM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-78502

1    quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including

2    answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-

3    complaints until a date is set at the First Case Management Conference for such filings and

4    hearings.

5         This Order is issued to assist the Court and the parties in the management of this

6    "Complex" case through the development of an orderly schedule for briefing and hearings.

7    This Order shall not preclude the parties from continuing to informally exchange documents

8    that may assist in their initial evaluation of the issues presented in this Case.

9         Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

10        SO ORDERED.

11

12   Dated: __11__/__17__/__15__                         _____

13                                                        Honorable Peter H. Kirwan
                                                          Judge of the Superior Court
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Yale v. Wizards of the Coast, LLC*
*Superior Court of California, County of Santa Clara, Case No. 1-15-CV-287452*
*Order Deeming Case Complex and Staying Discovery*                                          5

E-FILED: Nov 18, 2015 9:42 AM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-78502

## GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

## DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers admissible evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance.
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial. In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial. In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

E-FILED: Nov 18, 2015 9:42 AM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-76502

b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

1    David Borgen, (SBN 099354)
     dborgen@gbdhlegal.com
2    GOLDSTEIN, BORGEN, DARDARIAN & HO
     300 Lakeside Drive, Suite 1000
3    Oakland, CA  94612
     Tel:  (510) 763-9800
4    Fax:  (510) 835-1417

5    Michael Malk (SBN 222366)
     mm@malklawfirm.com
6    MICHAEL MALK, ESQ. APC
     1180 S. Beverly Drive, Suite 302
7    Los Angeles, CA 90035
     Tel:  (310) 203-0016
8    Fax:  (310) 499-5210

9    Attorneys for Plaintiff and the Putative Class

10

11          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                COUNTY OF SANTA CLARA

13

14    PAUL YALE, individually and on behalf of others    Case No. 115CV287452
     similarly situated,

15            Plaintiff,                 **PROOF OF SERVICE**

     vs.
16

17    WIZARDS OF THE COAST, LLC and DOES 1
     through 100, inclusive,

18            Defendant.

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

Case:  *Paul Yale v. Wizards of the Coast, LLC*
       Case No. 115CV287452

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF ALAMEDA      )

        I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 300 Lakeside Drive, Suite 1000, Oakland, California 94612.

        I declare that on the date hereof I served a copy of

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**

SEE SERVICE LIST, BELOW

☒    **By U.S. Mail:** By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Oakland, California addressed as set forth below.

☒    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed at Oakland, California on November 24, 2015

_____          _____
Printed Name                                    Signature

                        **SERVICE LIST**

        C.T. Corporation System
        818 W. 7th Street, #930
        Los Angeles, CA 9007

1

597302.1

EXHIBIT "3"

1  KARL R. LINDEGREN, SBN 125914
   SHAUN J. VOIGT, SBN 265721
2  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
3  Irvine, California 92614
   Telephone (949) 851-2424
4  Facsimile (949) 851-0152

5  Attorneys for Defendant,
   WIZARDS OF THE COAST, LLC

6

7

**E-FILED**

Dec 16, 2015 5:00 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-15-CV-287452 Filing #G-79266
By T. Mai, Deputy

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SANTA CLARA

10

11 PAUL YALE, individually and on behalf of
   others similarly situated,

12                        Plaintiffs,

13       vs.

14 WIZARDS OF THE COAST, LLC and DOES

15 1 through 100, inclusive,

16                        Defendant.

17

Case No.  1-15-CV-287452

*Assigned for all purposes to the
Honorable Peter H. Kirwin,
Department 1 (Complex Civil Litigation)*

**NOTICE OF APPEARANCE**

Complaint Filed:      October 29, 2015
Trial Date:           None

18       TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF

19 RECORD HEREIN:

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1

NOTICE OF APPEARANCE

FPDOCS 31304266.1

1       PLEASE TAKE NOTICE that the following attorneys hereby enter their appearance as

2  counsel of record for defendant WIZARDS OF THE COAST, LLC:

3                KARL R. LINDEGREN, SBN 125914
                    SHAUN J. VOIGT, SBN 265721

4                FISHER & PHILLIPS LLP
                    2050 Main Street, Suite 1000

5                Irvine, California 92614
                    Telephone (949) 851-2424

6                Facsimile  (949) 851-0152

7

8  DATE: December 16, 2015              FISHER & PHILLIPS LLP

9

10                   By:                              
                                        KARL R. LINDEGREN

11                                      SHAUN J. VOIGT
                                      Attorneys for Defendant,

12                                      WIZARDS OF THE COAST, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEARANCE

FPDOCS 31304266.1

E-FILED Dec 16, 2015 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-79266

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On **December 16, 2015**, I served the foregoing document entitled **NOTICE OF APPEARANCE**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **[by MAIL]**    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services, LLC, whose business address is: 17817 Gillette Avenue, Irvine, California, 92614

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by FAX]**    Based on an agreement by the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **DATE** at Irvine, California.

Katie Costantino
_____          By: _____
            *Print Name*                                             *Signature*

PROOF OF SERVICE

FPDOCS 31304266.1

E-FILED Dec 16, 2015 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-79266

| | |
|---|---|
| 1 | <div align="center">MAILING LIST</div> |

| | |
|---|---|
| David Borgen, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone:  (510) 763-9800<br>Facsimile:   (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiff,<br>PAUL YALE |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ, APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, CA 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiff,<br>PAUL YALE |

PROOF OF SERVICE

FPDOCS 31304266.1

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

# E-FILED

Dec 16, 2015 5:00 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-15-CV-287452 Filing #G-79266
By T. Mai, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| PAUL YALE, individually and on behalf of others similarly situated, Plaintiff, | Yale v. Wizards of the Coast, LLC |
| Plaintiff, | Lead Case No. 1-15-CV-287452 |
| vs. | Hon. Peter Kirwan |
| WIZARDS OF THE COAST, LLC and DOES 1 through 100, inclusive, Defendants. | |
| Defendant. | PROOF OF SERVICE |
| AND RELATED ACTIONS | Electronic Proof of Service |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Wed. December 16, 2015 at 11:17 AM PST and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Wed. December 16, 2015 at 11:17 AM PST

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 16, 2015 at Oakland, California.

Dated: December 16, 2015                    For WWW.SCEFILING.ORG

                                            Andy Jamieson

E-FILED: Dec 16, 2015 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-15-CV-287452 Filing #G-79266

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

**Electronic Proof of Service**
Page 2

**Document(s) submitted by Shaun Voigt of Fisher & Phillips LLP on Wed. December 16, 2015 at 11:17 AM PST**

1. Ntc of Appearance: Notice of Appearance

SCC Superior Court E-Service                                    Page 1 of 1

The Superior Court of California, County of Santa Clara          www.scefiling.org
Hon. Peter Kirwan, Department 1a                                info@glotrans.com
191 N. First Street, San Jose, CA 95113                          (510) 208-4775

**ELECTRONIC SERVICE NOTICE #1187-4**                Service date: 12/16/2015 11:43 AM

Case No: 1-15-CV-287452
**Yale v. Wizards of the Coast, LLC**

Document #FD141886:
Title:      Notice of Appearance *(Click here to view document information)*
Type:       Notice of Appearance
Author:     Shaun Voigt of Fisher & Phillips LLP
Parties:    Wizards of the Coast, LLC

Service list:

| Party name | Attorney/Representative Contact | Email address |
|---|---|---|
| Superior Court of California | Walker, Rowena – Superior Court of California | rwalker@scscourt.org |
| Wizards of the Coast, LLC | | |
| Yale, Paul | Borgen, David – Goldstein, Borgen, Dardarian & Ho | dborgen@gbdhlegal.com |
| | Malk, Michael | linda@malklawfirm.com |
| | Malk, Michael – Michael Malk Law Offices | mm@malklawfirm.com |

Additional recipients of Electronic Service:

| Service recipient | Email address |
|---|---|
| Borgen, David [cc] | jthompson@gdblegal.com |
| Borgen, David [cc] | efile@gdblegal.com |
| Malk, Michael [cc] | linda@malklawfirm.com |

EXHIBIT "4"

1  KARL R. LINDEGREN, SBN 125914
   SHAUN J. VOIGT, SBN 265721
2  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
3  Irvine, California 92614
   Telephone (949) 851-2424
4  Facsimile  (949) 851-0152

5  Attorneys for Defendant,
   WIZARDS OF THE COAST, LLC

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PAUL YALE, individually and on behalf of      Case No.  1-15-CV-287452
    others similarly situated,
12                                                 *Assigned for all purposes to the*
                    Plaintiffs,                     *Honorable Peter H. Kirwin,*
13                                                  *Department 1 (Complex Civil Litigation)*
            vs.
14                                                 **NOTICE OF FILING PETITION FOR**
    WIZARDS OF THE COAST, LLC and DOES            **REMOVAL [28 U.S.C. § 1446(d)]**
15  1 through 100, inclusive,

16                  Defendant.
                                                   Complaint Filed:      October 29, 2015
17                                                 Trial Date:           None

18

19          TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

20  FOR THE COUNTY OF SANTA CLARA:

21          PLEASE TAKE NOTICE THAT on December 31, 2015, Defendant WIZARDS OF

22  THE COAST, LLC. petitioned for removal of the above-titled action from the Superior Court

23  of California, County of Santa Clara, to the United States District Court for the Northern

24  District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

25  //

26  //

27  //

28  //

                                               1
                    NOTICE OF FILING PETITION FOR REMOVAL [28 U.S.C. § 1446(D)]
FPDOCS 31316436.1

1      Attached hereto as **Exhibit "A"** is a copy of the Notice of Removal which has been filed

2  in the United States District Court, Northern District of California.   Pursuant to 28 U.S.C. §

3  1446, the filing of the aforesaid Notice of Removal in the District Court, together with this

4  Notice, effects the removal of this action and this Court may proceed no further unless and until

5  the case is remanded from the District Court.

6

7  DATE:                                    FISHER & PHILLIPS LLP

8

9                                    By:    _____

10                                          KARL R. LINDEGREN
                                            SHAUN J. VOIGT
11                                          Attorneys for Defendant,
                                            WIZARDS OF THE COAST, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING PETITION FOR REMOVAL [28 U.S.C. § 1446(D)]

FPDOCS 31316436.1

EXHIBIT "5"

1   KARL R. LINDEGREN, SBN 125914
    SHAUN J. VOIGT, SBN 265721
2   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
3   Irvine, California 92614
    Telephone (949) 851-2424
4   Facsimile  (949) 851-0152

5   Attorneys for Defendant,
    WIZARDS OF THE COAST, LLC

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF SANTA CLARA

10

11  PAUL YALE, individually and on behalf of        Case No.  1-15-CV-287452
    others similarly situated,
12                                                  *Assigned for all purposes to the*
                        Plaintiffs,                 *Honorable Peter H. Kirwin,*
13                                                  *Department 1 (Complex Civil Litigation)*
         vs.
14                                                  **NOTICE TO ADVERSE PARTY OF**
    WIZARDS OF THE COAST, LLC and DOES             **REMOVAL TO FEDERAL COURT [28**
15  1 through 100, inclusive,                       **U.S.C. § 1446(d)]**

16                      Defendant.
                                                    Complaint Filed:    October 29, 2015
17                                                  Trial Date:         None

18

19        TO PLAINTIFF PAUL YALE AND HIS COUNSEL OF RECORD:

20        PLEASE TAKE NOTICE THAT on December 31, 2015, a Notice of Removal of this

21  action was filed in the United States District Court for the Northern District of California by

22  Defendant WIZARDS OF THE COAST, LLC.   A true and correct copy of the Notice of

23  Removal is attached hereto as **Exhibit "A."**.

24  DATE:                                     FISHER & PHILLIPS LLP

25

26                         By:    _____
                                  KARL R. LINDEGREN
27                                SHAUN J. VOIGT
                                  Attorneys for Defendant,
28                                WIZARDS OF THE COAST, LLC

                                         1
                NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

## PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On **December 31, 2015,** I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441 & 1446 (CAFA)**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

### SEE ATTACHED MAILING LIST

☒  **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐  **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒  **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 31, 2015** at Irvine, California.

Shaun J. Voigt
Print Name

By: /s/ Shaun J. Voigt
Signature

PROOF OF SERVICE

FPDOCS 31307905.1

## MAILING LIST

| | |
|---|---|
| David Borgen, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone: (510) 763-9800<br>Facsimile:  (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiff,<br>PAUL YALE |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ, APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, CA 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiff,<br>PAUL YALE |