KARL R. LINDEGREN, SBN 125914
SHAUN J. VOIGT, SBN 265721
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL YALE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WIZARDS OF THE COAST LLC and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 15-CV-06337-EJD<br><br>*[Removed from Santa Clara Superior Court Case No.: 1-15-CV-287452]*<br><br>**DEFENDANT WIZARD OF THE COAST LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIVIL L.R. 3-12]**<br><br>Complaint Filed:  October 29, 2015<br>Trial Date:            None |

Defendant WIZARDS OF THE COAST LLC ("Wizards" or "Defendant") hereby submits the following Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil Local Rules 3-12. By way of this Motion, Wizards requests that the Court determine whether the following two pending matters are related: (1) *Paul Yale v. Wizards of the Coast LLC,* Case No. 15-CV-06337-EJD (the "Yale Matter"); and (2) *Adam Shaw et al. v. Wizards of the Coast LLC,* Case No. 4:16-cv-01924-PJH (the "Shaw Matter").

//

## I. APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Pursuant to Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a). An Administrative Motion to Consider Whether Cases Should Be Related is required when a party knows or believes that an action may be related to an action which is or was pending in the Northern District, and must include: "(1) The title and case number of each apparently related case" and "(2) A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)." *See* Civil L.R. 3-12(b).

## II. THE *YALE* MATTER AND *SHAW ET AL.* MATTER MAY BE "RELATED" PURSUANT TO CIVIL L.R. 3-12

### A. The Yale Matter

On or about October 29, 2015, Plaintiff PAUL YALE initiated the Yale Matter, which is currently pending before this Court.[1]

The operative complaint in the Yale Matter alleges the following eleven causes of action against Wizards: (1) failure to pay minimum wages (California *Labor Code*); (2) failure to pay overtime wages (California *Labor Code*); (3) failure to provide meal periods (California *Labor Code*); (4) failure to provide rest periods; (5) failure to reimburse business expenses (California *Labor Code*); (6) late payment of wages (California *Labor Code*); (7) failure to furnish timely and accurate wage statements (California *Labor Code*); (8) failure to maintain accurate payroll records (California *Labor Code*); (9) unfair business practices (California

---

[1] Wizards' filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in the Yale Matter, which is set for hearing on June 9, 2016. The scheduling conference in the Yale Matter is also set for the same date.

*Business & Professions Code*); (10) violation of Private Attorney General Act ("PAGA") (California *Labor Code*); and (11) violation of the Fair Labor Standards Act (FLSA). [See Yale Matter, Dkt No. 14.]

Plaintiff Yale seeks to pursue the above claims on behalf of himself, and as a putative class action, collective action, and representative action. The operative complaint defines the putative class as: "All current and former Judges levels one to three who worked for [Wizards] in California during the period commencing four years from the filing of this action through the entry of final judgment in this action." [See Yale Matter, Dkt No. 14 at ¶ 21.] Plaintiff Yale seeks to prosecute the collective action on behalf of "all persons who are or were level 1, 2, or 3 Judges who worked for [Wizards] in the United States at any time since January 12, 2013 through the trial." [See Yale Matter, Dkt No. 14 at ¶ 31.]

**B.     The Shaw Matter**

On April 12, 2016, Plaintiffs ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD (collectively "Shaw Plaintiffs") initiated the Shaw Matter, which is currently pending in this district before District Court Judge Phyllis J. Hamilton.

The operative complaint in the Shaw Matter alleges the following nine causes of action against Wizards: (1) violations of the Fair Labor Standards Act (FLSA); (2) failure to pay minimum wage (California *Labor Code*); (3) failure to pay overtime wages (California *Labor Code*); (4) failure to provide meal periods (California *Labor Code*); (5) failure to provide rest periods (California *Labor Code*); (6) failure to reimburse for business expenses (California *Labor Code*); (7) late payment of wages (California *Labor Code*); (8) failure to furnish accurate itemized wage statements (California *Labor Code*); and (9) unfair business practices (California *Business & Professions Code*).

The Shaw Plaintiffs seek to pursue the above claims on behalf of themselves, and as a putative class and collective action. The operative complaint defines the putative class as: "All persons who worked as Judges as a 'competitive' or 'professional' level Wizards tournament in California during the period commencing four years from the filing of this action through the entry of final judgment in this action." [See Shaw Matter, Dkt No. 1, at ¶ 19.] For purposes of the collective action, the putative class is defined as: "All persons who worked as Judges at a 'competitive' or 'professional' level Wizards tournament in the United States during the period commencing three years from the filing of this action through the entry of final judgment." [*Ibid.*]

### C. The Yale Matter and Shaw Matter May Be Related

An "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." *See* Civil L.R. 3-12(a).

Here, both the Shaw Matter and the earlier-filed Yale Matter assert putative class and collective action wage-hour claims against Wizards pursuant to the California *Labor Code* and California *Business & Professions Code*, as well as the FLSA. [Compare, Yale Matter, Dkt. No. 14 with Shaw Matter, Dkt. No. 1.] In both cases, these claims are predicated on the contention that Judges at *Magic* events are employees of Wizards for purposes of the *Labor Code* and FLSA. [*Ibid.*] Many of the same causes of action at issue in the Yale Matter are also asserted in the Shaw Matter. [*Ibid.*] Finally, there is overlap between the putative class and collective action definitions in both matters. [Compare Yale Matter, Dkt. No. 14 at ¶¶ 21, 31 with Shaw Matter, Dkt. No. 1 at ¶ 19.]

Given the similarity in allegations, causes of action, and class/collective action class definitions between the two matters, the requirements of Civil Local

Rule 3-12 appear to be satisfied. Accordingly, Wizards respectfully requests that the Court review the Yale Matter and Shaw Matter to determine whether an order deeming the two matters related is appropriate.

### III. CONCLUSION

Based on the foregoing, Wizards respectfully requests that the Court determine whether the Yale Matter and Shaw Matter meet the definition of "related cases" pursuant to Civil Local Rule 3-12.

DATE: June 1, 2016

FISHER & PHILLIPS LLP

By: /s/ Shaun J. Voigt
KARL R. LINDEGREN
SHAUN J. VOIGT
Attorneys for Defendant,
WIZARDS OF THE COAST LLC

## PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On **June 1, 2016**, I served the foregoing document entitled **DEFENDANT WIZARD OF THE COAST LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIVIL L.R. 3-12]**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED MAILING LIST**

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 1, 2016** at Irvine, California.

Jill McIntee
   Print Name

By: _/s/ Jill McIntee_
   Signature

PROOF OF SERVICE

FPDOCS 31758256.1

## MAILING LIST

| | |
|---|---|
| David Borgen, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiff,<br>PAUL YALE |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ, APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, CA 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiff,<br>PAUL YALE |
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone: (415) 983-0900<br>Facsimile: (415) 397-9005<br>Email: matt@righettilaw.com<br>jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD<br><br>**VIA U.S. MAIL ONLY** |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>2901 West Pacific Coast Hwy., Suite 350<br>Newport Beach, CA 92663<br>Telephone: (949) 263-5992<br>Facsimile: (949) 209-1948<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD<br><br>**VIA U.S. MAIL ONLY** |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD<br><br>**VIA U.S. MAIL ONLY** |

PROOF OF SERVICE
FPDOCS 31758256.1