Case 5:15-cv-06337-EJD   Document 26   Filed 06/02/16   Page 1 of 14

KARL R. LINDEGREN, SBN 125914
SHAUN J. VOIGT, SBN 265721
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

David Borgen (SBN 099354)
Of Counsel
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Katharine Fisher (SBN 305413)
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Michael Malk (SBN 222366)
mm@malklawfirm.com
MICHAEL MALK, ESQ. APC
1180 S. Beverly Drive, Suite 302
Los Angeles, California 90035
Tel: (310) 203-0016
Fax: (310) 499-5210

Attorneys for PLAINTIFF
AND THE PUTATIVE CLASS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL YALE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WIZARDS OF THE COAST, LLC and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 15-CV-06337-EJD<br><br>*[Removed from Santa Clara Superior Court Case No.: 1-15-CV-287452]*<br><br>**FIRST JOINT CASE MANAGEMENT STATEMENT AND FED. R. CIV. P. 26(f) REPORT**<br><br>Complaint Filed:   October 29, 2015<br>Trial Date:   None |

FIRST JOINT CMC STATEMENT AND FED. R. CIV. P. 26(F) REPORT
FPDOCS 31764903.1

Plaintiff PAUL YALE ("Plaintiff") and Defendant WIZARDS OF THE COAST LLC ("Defendant" or "Wizards"), by and through their respective counsel of record, submit the following Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Report.

Pursuant to *Federal Rules of Civil Procedure* Rule 26(f) and Civil Local Rule 16-9, counsel for the parties conferred regarding case management, the nature of the parties' claims and defenses and dispute resolution procedures, to develop a discovery plan and prepare the joint report to the Court, and to make arrangements for the required Initial Disclosures between the parties.

James Kan participated in the conference on behalf of Plaintiff. Shaun J. Voigt participated on behalf of Wizards.

## I.   JURISDICTION AND SERVICE

On December 31, 2015, Defendant removed this action to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d)(2), 1441 (CAFA), and 1446 (diversity jurisdiction). ECF No. 1. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* Plaintiff originally filed his complaint in Santa Clara County Superior Court on October 29, 2015. *Id.* No other parties remain to be served.

## II.   FACTS

**Plaintiff**:

Defendant Wizards of the Coast, LLC ("Wizards") is a private sector, for-profit business that sells products related to a collectible card game called Magic the Gathering ("Magic"). Wizards runs an extensive and highly regulated system of tournaments for Magic players. The tournaments are created, controlled, and regulated by Defendant. Tournaments are used as a marketing tool to keep players active in the game and give Defendant a means to sell their product. Tournaments are overseen by Judges who are highly regulated by Defendant through its Judge Certification Program.

Defendant maintains a system of Judge Levels from one to five, with increasing work requirements, and rigorous certification exams. Judges must go through training and testing, and must document participation in tournaments. Acquiring and maintaining certification as a Judge requires around twenty-five hours per month per Judge Level. Judges are expected to read extensive announcements, directives, instructions, rulings, and discussions by e-mail and on various Wizards' websites, provide their contact information on the Wizards' website, contribute reports, renew their certification with regular testing, train other Judges, and provide evaluations of other Judges.

Wizards retains the right to refuse to engage Judges for a certain period of time, or even indefinitely, as Wizards can suspend, demote, or decertify any of its Judges. Wizards maintains detailed policies whereby Wizards can demote Judges to the status of a lower level Judge when, according Wizards, "the actions of the Judge were unbecoming of their level, or where the prestige, authority, or responsibilities associated with a judge's level were an important factor in the misconduct." First Amended Complaint at at 6, ECF No. 14.

The work performed by Judges for the benefit of Defendant and under its close supervision and control created an employer and employee relationship with Plaintiff and similarly situated Judges. As their employer, Defendant is obligated to pay Plaintiff and similarly situated Judges wages compliant with the California Labor Code and Fair Labor Standards Act ("FLSA"), including but not limited to minimum and overtime wages. Defendant is also required to comply with other provisions of the California Labor Code including the requirements to provide timely off-duty meal and rest periods, to furnish accurate and timely wage statements, maintain adequate pay roll records, and reimburse employee business expenses. Defendant's failure to properly classify Plaintiff and the putative class as employees also constitute violations of the Unfair Competition Laws ("UCL") and the Private Attorney General Act ("PAGA").

**Defendant:**

Wizards is a worldwide leader in the trading card game category, producing the highly popular "Magic: The Gathering®" trading card game and trading cards ("Magic"). Magic is a trading card game for ages 13+ set in a fantasy world of powerful wizards who have the ability to teleport between planes of existence.

Though the game is complex, the premise of Magic is simple: build a deck of 60 Magic cards and defeat your opponent by bringing his life total from 20 points to zero. While enjoyed casually around kitchen tables and hobby stores, Magic enthusiasts can chose to play in events and tournaments across the U.S. and internationally held in stores, convention centers, or other public venues. The overwhelming majority of these events are run by local game stores or independent tournament organizers without any direct oversight, or involvement by Wizards. Such events may feature a rules arbitrator (a "Judge"). Generally, Judges are highly engaged members of the Magic gaming community and active players of Magic who understand Magic's nuanced rules, and elect to participate in the game not only as players but as judges (another form of participation)—and often as both in the same game or tournament.

Each of Plaintiff's claims are predicated on the contention that he and all other Judges in California and throughout the United States are "employees" of Defendant for purposes of the California *Labor Code*, Industrial Welfare Commission Wage Orders, and/or the FLSA. As a result, Plaintiff contends that he and others did not receive all wages due (including minimum wage and overtime), were not provided with legally compliant meal and rest periods, were not paid all wages due at separation, and received inaccurate wage statements. Based on these allegations, Plaintiff also contends that Defendant engaged in unfair business practices in violation of California's *Business & Professions Code*, and is liable to Plaintiff and others for civil and statutory penalties, including penalties pursuant to California's Private Attorneys General Act.

Wizards denies Plaintiff's allegations in their entirety. Specifically, Wizards denies that it employs or has ever employed Plaintiff for purposes of the FLSA, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the FAC. Accordingly, Wizards denies that it had any obligation to Plaintiff under such statutes. Moreover, while Wizards does financially compensate the Judges it contracts with under written agreements and as independent contractors for the limited number of *Magic* events that it runs—i.e. the Magic Pro Tour, the World Magic Cup, and the Magic World Championship—Plaintiff has never Judged such an event.

Wizards also disputes that Plaintiff can meet his burden of establishing that this case is appropriate for class or collective action certification. Finally, Wizards contends that Plaintiff's claims fail as a matter of law, and as a result, has filed a motion to dismiss pursuant to *FRCP* Rule 12(b)(6).

### III. LEGAL ISSUES

**Plaintiff**:

This case turns on whether Plaintiff and putative class members were employees of Defendant under California law and the FLSA. Under California law, there are three tests of employment status, which look to whether (1) Wizards exercised control over the class' wages, hours, or working conditions; (2) suffered or permitted them to work; or (3) engaged them to work. Under the FLSA, the test is whether the economic realities surrounding judges confirms that they are employees. Plaintiff's Opp. to Def's Motion to Dismiss First Am. Complaint at 5-21, ECF No. 19. If Plaintiff is correct that judges are, in fact, employees, then Plaintiff's and the class' derivative claims under the FLSA and California law will flow from there. In addition, because this is a putative collective and class action, this case presents the issues of certification under Section 216(b) and Federal Rule of Civil Procedure 23.

**Defendant**:

Each of Plaintiff's claims are predicated on the contention that he and all other Judges in California and throughout the United States are "employees" of Wizards for purposes of the California *Labor Code*, Industrial Welfare Commission Wage Orders, and/or the FLSA. As addressed in Wizards' pending motion to dismiss, a threshold issue is whether Plaintiff's First Amended Complaint states a viable claim for relief against Wizards. If the case proceeds beyond the pleadings, another threshold issues is whether Plaintiff can certify a class and/or collective action against Wizards.

Plaintiff's claims alleging unpaid wages, meal and rest period violations, wage statement violations, waiting time penalties, unfair competition, and related state law claims present a number of legal issues. However, each of these claims are predicated on an alleged employer-employee relationship. As such, the key legal issue is whether Plaintiff and the broadly defined putative class are/were employees of Wizards pursuant to California law and/or the FLSA.

## IV.   MOTIONS

**Plaintiff**:

Plaintiff anticipates bringing a motion for collective action notice/conditional certification under 29 U.S.C. § 216(b) as well as a motion for class certification of the California class pursuant to Federal Rule of Civil Procedure 23.

As to Defendant's administrative motion to determine related case status with *Shaw et al. v. Wizards of the Coast, LLC*, Case No. 4:16-cv-01924-PJH, Plaintiff agrees that the matters should be deemed related and coordinated. As set forth in that motion, these actions are related because they concern substantially the same parties and claims (putative class and collective action wage and hour claims alleging that Judges at Magic events are employees of Defendant under

California law and the FLSA) and there would be undue duplication of labor and expense from conducting these cases before different judges.

**Defendant**:

Wizards' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) is currently pending, and will be heard on June 9, 2016. Defendant previously filed a Motion to Dismiss on January 7, 2016 (ECF No. 7), but it was mooted by Plaintiff's First Amended Complaint (ECF No. 14).

On June 2, 2016, Wizards' filed an administrative motion to determine whether this and another case also pending against Defendant in this district, *Shaw et al. v. Wizards of the Coast, LLC*, Case No. 4:16-cv-01924-PJH (N.D. Cal.), may be related. ECF No. 25.

Defendant anticipates bringing a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment/Adjudication after initial discovery has been completed. Wizards may also move to deny class certification and strike the class action allegations in the Complaint. Wizards does not anticipate any other motions at this time but reserves all rights.

**V.    AMENDMENT OF PLEADINGS**

The parties do not currently anticipate amending the pleadings, but they reserve the right to do so in the future. However, given the pending motion to dismiss, the parties agree that proposing a deadline for amending the pleadings is premature at this time.

**VI.   EVIDENCE PRESERVATION**

The parties have reviewed the ESI Guidelines. The parties have met and conferred on this matter, and each party has made appropriate arrangements for the preservation of discoverable information.

**VII.  DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and 26(f)(1), the parties have agreed to exchange their initial disclosures by June 16, 2016.

## VIII. DISCOVERY

Wizards' motion to dismiss is set for hearing on June 9, 2016. Moreover, Plaintiff's FAC is a putative class action and collective action, such that procedural motions will be required if Defendant's motion to dismiss is denied or Plaintiff is able to adequately amend his complaint to avoid a subsequent motion to dismiss. As such, the parties are unable to propose a detailed discovery plan at this time. The parties recommend that the issue be deferred until after a ruling on Wizards' motion to dismiss, and if the case proceeds, class/collective action certification. With respect to additional information regarding the discovery plan required to be stated herein under Rule 26(f)(3), the Parties state the following

### A.   **Plaintiff's Subjects on Which Discovery May Be Needed**

Without prejudice to his right to seek discovery on any relevant issue, Plaintiff contemplates that he will need and seek discovery concerning Plaintiff's claims and Defendant's defenses.

### B.   **Defendant's Subjects on Which Discovery May Be Needed**

Without prejudice to its right to seek discovery on any relevant issue, Defendant contemplates that it will need and seek discovery concerning the basis of Plaintiff's claims and Defendant's defenses.

### C.   **Agreed Upon Methods of Discovery**

The parties agree that the Federal Rules of Civil Procedure will apply to discovery. Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the Parties agree to meet and confer in good faith to resolve the issues. Should the Parties be unable to resolve discovery issues, both Parties reserve their right to bring matters before the Court.

The Parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff,

Defendants, and other witnesses, including corporate Defendant's "person(s) most knowledgeable" under Rule 30(b)(6).

The parties are presently unaware of any issues about claims of privilege or protection of trial-preparation materials. However, the parties believe that a protective order, following the example of the model protective order used by the United States District Court for the Northern District of California, may be necessary and appropriate in this case.

## IX. CLASS ACTION

**Plaintiff**:

Plaintiff anticipates filing a Motion for Conditional Class Certification and a Motion for Class Certification. Due to the pending motion to dismiss, Plaintiff believes it is premature to propose deadlines for these motions until that motion is resolved. Once it is, Plaintiff will meet and confer with Defendant about proposed dates if necessary.

Defendant's proposed Motion to Strike Class Action Allegations and/or Motion to Deny Class Certification would unnecessarily proliferate cross-briefs on the issue of certification. Plaintiff requests a scheduling order that only contemplates the filing of Plaintiff's motions for conditional class certification and subsequent motion for class certification, which will allow Defendant a full opportunity to raise any and all defenses against certification.

**Defendant**:

Defendant may move to deny class certification and strike the class action allegations in the Complaint.

## X. RELATED CASES

The parties believe that this case may be related to *Adam Shaw et al. v. Wizards of the Coast LLC*, Case No. 4:16-cv-01924-PJH. Accordingly, an Administrative Motion to Consider Whether Cases Should Be Related was filed by Wizards on June 1, 2016 pursuant to Civil Local Rule 3-12.

Plaintiff suggests that the Court grant the parties time to coordinate potential joint prosecution of the cases to streamline the proceedings and maximize judicial economy in light of the potentially related case.

Defendant believes that discussion regarding potential coordination is premature, particularly pending its motion to dismiss.

## XI. RELIEF

**Plaintiff**:

Plaintiff and the putative class seek to recover all unpaid wages (including minimum and overtime wages), unpaid meal and rest break premiums, unreimbursed business expenses, and related penalties. Plaintiff is currently unable to provide a dollar amount for the damages, but will do so after the completion of discovery. They also seek appropriate declaratory and injunctive relief, interest, reasonable attorneys' fees and costs, and other relief deemed just and proper by the Court. First Am. Complaint at 19-20.

**Defendant:**

Wizards denies that Plaintiff and/or the putative class have sustained any injury, damage, or loss by reason of any act or omission by Wizards, and specifically deny any loss or damage as alleged in the First Amended Complaint.

## XII. SETTLEMENT AND ADR

The parties participated in a conference call with ADR Program Director Howard Herman on June 2, 2016. Defendant believes it is too early in the litigation to commit to an ADR procedure at this time. The parties scheduled a follow-up call with Mr. Herman to take place on October 31, 2016.

## XIII. CONSENT TO MAGISTRATE

On January 7, 2016, Wizards filed a "Declination to Magistrate Judge Jurisdiction." ECF No. 8.

## XIV. OTHER REFERENCES

Not applicable.

## XV. NARROWING OF ISSUES

**Plaintiff**:

After conducting initial discovery, Plaintiff is willing to confer with Defendant to determine whether the Parties will be able to stipulate to any facts.

**Defendant**:

Defendant believes that it is premature at this time to determine whether the issues in this case can be narrowed.

## XVI. EXPEDITED TRIAL PROCEDURE

Not applicable.

## XVII. SCHEDULING

The Parties agree that any discovery deadlines, trial dates, expert exchange dates, and the like should be postponed until the Court makes a determination on Defendant's pending motion to dismiss and administrative motion to determine whether this action is related to the *Shaw* case.

## XVIII. TRIAL

The Parties respectfully request that the Court refrain from setting a trial date until after the hearing on Plaintiff's Motion for Class Certification. Similarly, the Parties agree that estimating the duration of trial is premature at this time because, in addition to the pending motion to dismiss, the date and duration of trial will depend largely on whether and how the Court certifies Plaintiff's putative classes. Plaintiff requests a jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On December 31, 2015, Wizards filed its Corporate Disclosure Statement indicating that it is a wholly owned subsidiary of Hasbro, Inc., a publically traded company (NYSE: HAS). ECF No. 4. On January 19, 2016, Plaintiff filed his certification of interested parties, indicating that there are no interested entities or parties subject to disclosure. ECF No. 13.

## XX. PROFESSIONAL CONDUCT

The attorneys of record for both parties either have or will review the Guidelines for Professional Conduct for the Northern District of California prior to the case management conference set for June 9, 2016.

DATE: June 2, 2016                     FISHER & PHILLIPS LLP

                                       By:  /s/ Shaun J. Voigt
                                            KARL R. LINDEGREN
                                            SHAUN J. VOIGT
                                            Attorneys for Defendant,
                                            WIZARDS OF THE COAST LLC

DATE: June 2, 2016                     GOLDSTEIN, BORGEN,
                                       DARDARIAN & HO

                                       By:  /s/ James Kan
                                            DAVID BORGEN
                                            JAMES KAN
                                            Attorneys for Plaintiff,
                                            PAUL YALE

## ATTESTATION

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATE: June 2, 2016                     FISHER & PHILLIPS LLP

                                       By:  /s/ Shaun J. Voigt
                                            KARL R. LINDEGREN
                                            SHAUN J. VOIGT
                                            Attorneys for Defendant,
                                            WIZARDS OF THE COAST LLC

# PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On **June 2, 2016**, I served the foregoing document entitled **FIRST JOINT CASE MANAGEMENT STATEMENT AND FED. R. CIV. P. 26(f) REPORT**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED MAILING LIST

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 2, 2016** at Irvine, California.

Jill McIntee                           By: _____
     Print Name                                  Signature

PROOF OF SERVICE

FPDOCS 31764903.1

## MAILING LIST

| | |
|---|---|
| David Borgen, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiff,<br>PAUL YALE |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ, APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, CA 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiff,<br>PAUL YALE |

PROOF OF SERVICE

FPDOCS 31764903.1