UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL YALE,<br>　　　　Plaintiff,<br>　　v.<br>WIZARDS OF THE COAST LLC,<br>　　　　Defendant. | Case No.  5:15-cv-06337-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

Plaintiff Paul Yale ("Plaintiff") seeks to represent a class of individuals who "worked" as "Judges" for Defendant Wizards of the Coast, LLC ("Defendant"), a for-profit business that sells products related to a collectible card game called Magic the Gathering ("Magic"). Magic is a trading card game for players ages 13 and over set in a fantasy world of powerful Wizards who have the ability to teleport between planes of existence. Magic players may participate in tournaments that are usually held at stores. First Amended Complaint, ¶9. Tournaments are overseen by "Judges," who have completed Defendant's Certification Program. Id. at ¶10. Plaintiff alleges that he has "worked" as a "Judge" for Defendant since 1997, but that Defendant failed to pay him minimum wages and overtime, failed to provide meal and rest breaks, failed to maintain accurate payroll records, and failed to reimburse him for business expenses, in violation of the California Labor Code, the Fair Labor Standards Act ("FLSA") and California Business and Professions Code §17200.

Pending before the Court is Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. Defendant essentially contends that Plaintiff is a Magic card game

CASE NO.:  5:15-CV-06337-EJD
**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

1

enthusiast who voluntarily became a Judge in pursuit of his hobby and is now seeking to turn his hobby into an employment relationship. Defendant seeks dismissal of the lawsuit with prejudice, arguing that Plaintiff has not alleged, and cannot allege, facts to show he is an "employee" within the meaning of the California Labor Code and the FLSA. Plaintiff opposes the motion, contending that he should be "presumed" to be an employee under Labor Code §§2750.5 and 3357 because he performed labor benefitting Defendant, and that Defendant meets the definition of employer set forth in the leading case of Martinez v. Combs, 49 Cal.4th 35, 50 (2010). Plaintiff also relies on the "economic realities" standard articulated in Alamo Found. v. Sec'y of Labor, 471 U.S. 290 (1985) to support his claims under the FLSA.

### Claims re: Labor Code Violation

As a preliminary matter, Plaintiff's reliance on Labor Code §§2750.5 and 3357 is misplaced. Section 2750.5 is inapplicable because its plain language provides a rebuttable presumption of employment status only when a worker is performing services for which a license is required, which is not the case here. Section 3357 is also inapplicable. As interpreted by the California appellate courts, Section 3357 creates a presumption that a service provider is presumed to be an employee unless the principal proves otherwise, as in the case of an independent contractor. See e.g. Yellow Cab Cooperative, Inc. v. Workers' Comp. Appeals. Bd., 226 Cal.App.3d 1288, 1292-1293 (1991).

For purposes of California Labor Code violations, to "employ" a worker means: "(a) to exercise control over the wages, hours, or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." Martinez, 49 Cal.4th at 64. Other than using the conclusory term "work," Plaintiff has failed to allege facts to establish an employer-employee relationship with Defendant. The complaint lacks any allegations regarding a job application or a hiring process for employment. Indeed, the word "hire" is not mentioned in the First Amended Complaint. There are also no facts to support any inference that the parties had an understanding, agreement or even contemplated entering an employee-employer

**CASE NO.: 5:15-CV-06337-EJD**
**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

relationship. There are also no allegations regarding wages. Instead, the complaint makes clear that Defendant does not compensate Judges, although some stores occasionally "compensate Judges with playing cards." First Amended Complaint, ¶12. Further, the complaint lacks any allegations regarding Defendant's control over Plaintiff's hours. There are no allegations regarding the number of hours Plaintiff was to "work" as a Judge; when and where Plaintiff was required to "work" any hours; how often Plaintiff was required to "work"; or to whom Plaintiff was to report his hours.

The complaint also lacks allegations regarding Defendant's purported control over working conditions. The complaint describes in detail the process for becoming a Judge and guidelines for maintaining status as a Judge, but there are no allegations in the complaint from which to reasonably infer that this process led to an employee-employer relationship. Instead, the allegations suggest that the relationship between Plaintiff and Defendant was purely voluntary. Plaintiff alleges that Defendant "permits" its Judges to "work" at store-based events. First Amended Complaint, ¶14. Plaintiff does not allege that Defendant required Plaintiff (or any Judge) to "work" or to attend a particular event or tournament. That Defendant could suspend or de-certify a Magic Judge does alter the voluntary nature of the position.

Under the second prong of the Martinez test, an employment relationship is created when the employer "suffers" or "permits" an alleged employee to work. The basis for liability is the employer's failure to prevent an unlawful labor condition, such as permitting a person to work without having been formally hired or while being paid less than minimum wage. Martinez, 49 Cal.4th at 69. For reasons already discussed, the complaint fails to allege that Plaintiff "worked" for Defendant, much less that Defendant "suffered or permitted" work, as that phrase is defined by caselaw. See Futrell v. Payday Cal., Inc., 190 Cal.App.4th 1419, 1434 (2010) (rejecting "to suffer or permit to work" theory because there was no evidence showing defendant had the power to either cause [plaintiff] to work or prevent him from working."). In opposition to the present motion, Plaintiff asserts that Defendant "has both the power to allow individuals to work

**CASE NO.: 5:15-CV-06337-EJD**
**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

3

as certified Judges and to prevent them from acting as Judges by suspending or decertifying them." Opposition at 14.  The Court need not, however, accept such conclusory allegations. The complaint lacks sufficient facts to show that Defendant caused Plaintiff to "work."  Plaintiff's position appears to be that the Magic "Judges" should be considered employees because acquiring and maintaining certification took effort and conferred a benefit to Defendant by promoting and increasing participation in the Magic card game.  But the complaint makes clear that Defendant's program is purely voluntary and could be abandoned at any time.

With respect to the third prong of the Martinez test, the complaint fails to set forth sufficient facts to show that Defendant "engaged" Plaintiff for employment.  Plaintiff relies on numerous allegations regarding the close supervision and control Defendant exercised over the manner in which Judges oversaw tournaments.  As stated previously, however, there are no allegations to suggest that Defendant required Plaintiff (or any Judge) to become certified as a Judge, much less required Plaintiff to serve as a Judge at any tournaments.  Those decisions were Plaintiff's alone.

### Claim for Violation of the FLSA

Under the FLSA, putative employees may only seek redress from "employers."  29 U.S.C. §216(b).  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of any employer in relation to an employee . . . ."  29 U.S.C. §203(d).  An "employee" is defined as "any individual employed by an employer."  29 U.S.C. §203(e)(1).  The test for employment under the FSLA ultimately depends upon the "economic reality" of the relationship of the parties. See Alamo, 471 U.S. at 301.

Plaintiff contends the "economic reality" of the Judge program was that both Plaintiff and Defendant expected compensation.  Plaintiff emphasizes that Defendant is a for-profit business that depended on Judges to maintain the "lifeblood" of its business (Plaintiff's Opposition at 19), and in exchange, Plaintiff was compensated, albeit in the form of Magic playing cards.

Plaintiff's reliance on Alamo, however, is misplaced.  In Alamo, the Secretary of Labor

**CASE NO.: 5:15-CV-06337-EJD**
**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**
4

brought an action against a religious foundation to enforce the FLSA.  The religious foundation provided its "associates" with food, shelter and clothing, but no cash wages, and the "associates" were entirely dependent upon the foundation for several years.  The Supreme Court held that the "associates" were "employees" for purposes of the FLSA because they worked "in contemplation of compensation."  In the present case, the only "compensation" Defendant provided to Plaintiff throughout his eighteen plus years as a Judge was in the form of Magic playing cards and product.  Unlike the "associates" in Alamo, Plaintiff was not entirely dependent upon Defendant for the basic necessities of life.

Accordingly, Defendant's motion to dismiss the First Amended Complaint is granted with leave to amend.  Plaintiff may file and serve a Second Amended Complaint if he is able to state a legally viable claim no later than September 23, 2017.

**IT IS SO ORDERED.**

Dated:   August 23, 2017

_____
EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:15-CV-06337-EJD**
**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**