Karl R. Lindegren (SBN 125914)
Shaun J. Voigt (SBN 265721)
Catharine Morisset, *Pro Hac Vice*
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
WIZARDS OF THE COAST LLC

Matthew Righetti (SBN 121012)
John Glugoski, Esq. (SBN 191551)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel: (415) 983-0900
Fax: (415) 397-9005

Reuben D. Nathan (SBN 208436)
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 200
Newport Beach, CA 92663
Tel: (949) 270-2798

Attorneys for Plaintiffs
(*Additional counsel listed on the next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL YALE,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>WIZARDS OF THE COAST, LLC and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendant. | Case No. 15-CV-06337-EJD<br><br>*[Removed from Santa Clara County Superior Court Case No.:* 1-15-CV-287452<br><br>**JOINT MOTION TO APPROVE THE PARTIES' FLSA SETTLEMENT**<br><br>**DATE:**　November 29, 2018<br>**TIME:**　9:00 a.m.<br>**CTRM:**　4, 5th Floor<br><br>Complaint Filed:　October 29, 2015<br>Trial Date:　None |

Ross Cornell (SBN 210413)
ross.law@me.com
LAW OFFICES OF ROSS CORNELL, APC
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Tel: (562) 612-1708
Fax: (562) 394-9556

David Borgen (SBN 099354)
*Of Counsel*
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Katharine Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Michael Malk (SBN 222366)
mm@malklawfirm.com
MICHAEL MALK, ESQ. APC
1180 S. Beverly Drive, Suite 302
Los Angeles, CA 90035
Tel: (310) 203-0016
Fax: (310) 499-5210

Attorneys for Plaintiffs

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 29, 2018 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 4 of the above entitled court, Plaintiffs ADAM SHAW, JUSTIN TURNER, PETER GOLIGHTLY, JOSHUA STANSFIELD, YONATAN KAMENSKY, HESTER PRYNNE COATL, MATT SAUERS, GEOFF DEARING, NIKO SKARTVEDT, ANDREJ SELIVRA, BRIAN BRADSHAW, CASEY HANFORD, JEFFREY HIGGINS ("HIGGINS"), BEN OTTESON, STEPHEN HAGAN, BRUCE MILLS, SAMUEL HANNA, ALEXEI GOUSEV, and SCOTT NEIWERT, as well as PAUL YALE (collectively "Plaintiffs"), and Defendant WIZARDS OF THE COAST LLC ("WOTC" or "Defendant") (collectively, the "Parties"), will and hereby do move this Court for an Order granting approval of the Parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The Parties will and hereby do further move this Court for an Order dismissing Plaintiffs' claims at issue in *Paul Yale v. Wizards of the Coast LLC*, Case No. 5:15-cv-06337-EJD and *Adam Shaw et al. v. Wizards of the Coast LLC*, Case No. 5:16-cv-01924-EJD, with prejudice.

This Motion is based upon the accompanying Memorandum of Points and Authorities in support thereof, the declarations submitted in support of this motion, all accompanying exhibits including the Parties' settlement agreement, all pleadings and papers currently on file with this Court, and such further evidence and argument as may be presented at or before the hearing on this Motion.

DATE: October 15, 2018                    FISHER & PHILLIPS LLP

                                                        By: /s/ Shaun J. Voigt
                                                        KARL R. LINDEGREN
                                                        SHAUN J. VOIGT
                                                        CATHARINE MORISSET
                                                        Attorneys for Defendant,
                                                        WIZARDS OF THE COAST LLC

1  DATE: October 15, 2018                    NATHAN & ASSOCIATES, APC
2                                             By: /s/ Reuben D. Nathan
                                                 REUBEN D. NATHAN
3                                                Attorneys for Plaintiffs

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.  INTRODUCTION**

Plaintiffs ADAM SHAW ("SHAW"), JUSTIN TURNER ("TURNER"), PETER GOLIGHTLY ("GOLIGHTLY"), JOSHUA STANSFIELD ("STANSFIELD"), YONATAN KAMENSKY ("KAMENSKY"), HESTER PRYNNE COATL ("COATL"), MATT SAUERS ("SAUERS"), GEOFF DEARING ("DEARING"), NIKO SKARTVEDT ("SKARTVEDT"), ANDREJ SELIVRA ("SELIVRA"), BRIAN BRADSHAW ("BRADSHAW"), CASEY HANFORD ("HANFORD"), JEFFREY HIGGINS ("HIGGINS"), BEN OTTESON ("OTTESON"), STEPHEN HAGAN ("HAGAN"), BRUCE MILLS ("MILLS"), SAMUEL HANNA ("HANNA"), ALEXEI GOUSEV ("GOUSEV"), and SCOTT NEIWERT ("NEIWERT"), as well as PAUL YALE ("YALE") (collectively "Plaintiffs"), and Defendant WIZARDS OF THE COAST LLC ("WOTC" or "Defendant"), jointly and collectively move this Court for an order approving the global settlement reached by the Parties in two cases pending before this Court: (1) *Paul Yale v. Wizards of the Coast LLC*, Case No. 5:15-cv-06337-EJD (the "Yale Action"); and (2) *Adam Shaw et al. v. Wizards of the Coast LLC*, Case No. 5:16-cv-01924-EJD (the "Shaw et al. Action").

This is not a "class settlement." This settlement was negotiated on behalf of 20 individuals and the release applies only to those 20 individuals. Notably, the global settlement was negotiated after the Court denied Plaintiffs' motion to conditionally certify Plaintiffs' Fair Labor Standards Act ("FLSA") claims. In light of that order, Plaintiffs never moved for class certification under Rule 23. Accordingly, by way of this motion, the Parties are seeking fairness approval of the global settlement as required for the release of Plaintiffs' FLSA claims. Again, Plaintiffs are not seeking Rule 23 or Section 216(b) settlement approval. The parties hereby submit that the global settlement of the 20 Plaintiffs' claims under the FLSA, is a fair, adequate, and reasonable resolution of a bona fide

dispute among the parties and should be approved. (Declaration of Shaun J. Voigt ("Voigt Decl."), ¶ 3, Exhibit A [Settlement Agreement and Release of Claims].)

For the reasons stated herein, this Motion should be granted because the settlement is fair, adequate, and reasonable in light of the litigation, motions, and rulings that have been decided to date in the Yale Action and Shaw et al. Action, along with the litigation risk and the prospect of substantial delay in adjudicating the myriad legal and factual disputes at issue in both cases—particularly given the novel and complex issues in this case and WOTC's vehement denial that it employed Plaintiffs and/or can otherwise be held liable for the claims at issue. Accordingly, the parties respectfully request the Court approve the global settlement of Plaintiffs' FLSA claims and enter an Order dismissing the Yale Action and Shaw et al. Action in their entirety, with prejudice.

## II. STATEMENT OF RELEVANT FACTS

### A. The Yale v. Wizards of the Coast LLC Action

On October 29, 2015, Plaintiff YALE filed an action against WOTC in the Santa Clara Superior Court, styled Paul Yale v. Wizards of the Coast LLC, Case No. 1-15-CV-287452 (the "Yale State Action").  Thereafter, on December 31, 2015, the Yale State Action was removed by WOTC to the United States District Court, Northern District of California (Dkt. No. 1), and is now pending as Case No. 5:15-cv-06337-EJD (the "Yale Federal Action") (the Yale State Action and Yale Federal Action are referred to collectively as the "Yale Action").

On January 7, 2016, WOTC filed a motion to dismiss the initial complaint in the Yale Federal Action (Dkt. No. 7), and in response YALE filed a first amended complaint (Dkt No. 14).  On February 2, 2016, WOTC filed a motion to dismiss the first amended complaint (Dkt. No. 18), which was granted on August 23, 2017 in its entirety, with leave to amend (Dkt. No. 41).  On September 22, 2017, YALE filed a second amended complaint (Dkt. No. 42.  On October 6, 2017 WOTC filed a motion to dismiss YALE's second amended complaint (Dkt.

No. 43). The Court had not yet ruled on WOTC's motion to dismiss the second amended complaint when the parties filed a notice of settlement and stipulation to vacate the pending deadlines (Dkt. No. 53). After the notice of settlement and stipulation was filed, WOTC's motion was vacated by the Court, and the Parties were directed to file a motion for approval of the settlement by October 15, 2018 (Dkt. No. 54).

### B. The Shaw et al. v. Wizards of the Coast LLC Action

On or about April 12, 2016, Plaintiffs SHAW, TURNER, GOLIGHTLY, and STANSFIELD filed a civil action against WOTC in the United States District Court, Northern District of California (Dkt. No. 1), styled *Adam Shaw et al. v. Wizards of the Coast LLC*, civil case number 5:16-cv-01924-EJD (the "Shaw et al. Action"). WOTC filed an Answer on May 9, 2016 (Dkt. No. 9.). On June 14, 2017, SHAW, TURNER, GOLIGHTLY, and STANSFIELD filed a motion for conditional certification of their first cause of action brought pursuant to the Fair Labor Standards Act (FLSA) claim (Dkt. No. 46), which was opposed by WOTC on June 28, 2017 (Dkt No. 52). Plaintiffs' motion for conditional certification was denied by this Court on January 3, 2018 (Dkt No. 64).

On June 8, 2018, a second amended complaint was filed in the Shaw et al. Action, adding KAMENSKY, COATL, SAUERS, DEARING, SKARTVEDT, SELIVRA, BRADSHAW, HANFORD, HIGGINS, OTTESON, HAGAN, MILLS, HANNA, GOUSEV, and NEIWERT as plaintiffs (Dkt No. 73). On June 22, 2018, WOTC filed a motion to dismiss the second amended complaint (Dkt. No. 75). WOTC's motion to dismiss the second amended complaint was granted, with leave to amend, on September 9, 2018 (Dkt. No. 79).

Prior to the filing of Plaintiffs' third amended complaint in the Shaw et al. Action, the filed a notice of settlement and stipulation to vacate the pending deadlines (Dkt. No. 80). After the notice of settlement and stipulation was filed, all dates and deadlines were vacated, and the Parties were directed to file a

motion for approval of the settlement by October 15, 2018 (Dkt. No. 81).

### C. The Parties' Global Settlement

In both the Yale Action and the Shaw et al. Action, Plaintiffs are pursuing claims against WOTC under the California *Labor Code*, California *Business & Professions Code*, and FLSA based on their contention that they performed compensable work for WOTC in connection with judging Magic: The Gathering® events and related activities. In both cases, Plaintiffs contend that WOTC is liable for those claims as a direct and/or joint employer.

WOTC vehemently denies and disputes that it ever employed Plaintiffs or any other individual that is or has been a *Magic* judge, or that it can otherwise be held liable for *any* of the claims or allegations set forth in either the Yale Action or the Shaw et al. Action. WOTC has aggressively defended both the Shaw et al. Action and Yale Action over a period of time spanning almost three years, including filing motions to dismiss in both cases and opposing conditional certification. WOTC anticipated opposing class certification in both the Yale Action and the Shaw et al. Action in the event that either case survived WOTC's motions to dismiss. WOTC also anticipated moving for summary judgment on each of Plaintiffs' claims in the Yale Action and the Shaw et al. Action.

After nearly three years of litigation, the Parties entered into a global settlement agreement as to the 20 Plaintiffs to avoid the expense of further proceedings and resolve any and all claims alleged, or that could be alleged, arising out of or in connection with the Yale Action, the Shaw et al. Action and/or Plaintiffs' participation as a Magic judge at Magic: The Gathering® events and related activities. A true and correct copy of the parties' settlement agreement is attached to the Voigt Decl. as **Exhibit A**. Through this Motion, the parties jointly seek approval of the terms of the global settlement, specifically including the release of Plaintiffs' alleged FLSA claims.

//

## III. THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS SHOULD BE APPROVED PURSUANT TO 29 U.S.C. SECTION 216(b)

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employer and employees. See, e.g., *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). If certain conditions are met however, an employee (or alleged employee) may settle and waive his or her FLSA claims against an employer (or alleged employer).

More specifically, there are two ways in which FLSA claims can be settled and released by a plaintiff. First, 29 U.S.C. Section 216(c) of the FLSA allows a plaintiff to settle and waive his or her claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit bought by an plaintiff against his or her alleged employer under Section 216(b) of the FLSA, a plaintiff may settle and release his or her FLSA claims if: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the District Court enters an order approving the settlement after reviewing the settlement's fairness. 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also Semiano v. Xyris Enter., Inc.*, 602 F.App'x 682, 683 (9th Cir. 2015) (". . . FLSA claims may not be settled without approval of either the Secretary of Labor or a district court"); *Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007) (the court is the gatekeeper for FLSA settlements, there to ensure that the settlement is appropriate and does not undermine the purpose of the FLSA).

With respect to this second option for validly releasing an FLSA claim, the question is whether the settlement reflects a fair and reasonable compromise over coverage under the FLSA and/or the computation of wages, and if it does, the

court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the Parties are seeking fairness approval of the global settlement for the 20 individual Plaintiffs' claims, as it involves the release of their respective FLSA claims. The Parties are not seeking approval of a class or collective action settlement involving third-parties. As discussed herein, the Parties' settlement of Plaintiffs' FLSA claim should be approved.

### A. The Settlement Should be Approved Because It Was Reached in an Adversarial Context after Nearly Three Years of Litigation

The settlement presented for this Court's approval was reached after extensive arms-length negotiations between counsels for the Parties, which took place over several weeks. (Declaration of David Borgen ("Borgen Decl."), at ¶¶ 7-10.) Moreover, the negotiations took place after substantial written discovery that involved substantial ESI had already been exchanged by the parties, and after the completion of five full-day depositions involving three named Plaintiffs and two third-party witnesses. (*Id.*, at ¶ 8.) As such, negotiations occurred in an adversarial context. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

### B. The Settlement Should Be Approved Because There are Issues of FLSA Coverage Actually in Dispute

The Parties' divergent positions are thoroughly set forth in connection with the motion for conditional certification in the Shaw et al. Action (Shaw et al. Action, Dkt. No. 46, 52, and 64), as well as the motion to dismiss YALE's second amended complaint in the Yale Action (Yale Action, Dkt. No. 43, 48, 49). In sum, Plaintiffs contend that WOTC directly and/or jointly employed them and other individuals in connection with judging Magic: The Gathering® events and related activities. Based on this allegation, Plaintiffs contend that WOTC violated the FLSA by failing to pay Plaintiffs and others similarly situated minimum wage and overtime compensation. WOTC, on the other hand, disputes that it employed

Plaintiffs under the FLSA or under state law, and further disputes that it can be held liable for *any* of Plaintiffs' claims at issue in the litigation. Thus, there exists an actual dispute between the parties as to whether the FLSA claim is even a viable claim in this action. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

### C. The Settlement Should Be Approved Because It Is A Fair, Reasonable, and Adequate Resolution of This Action

As indicated above, the parties reached this Settlement only after several weeks of negotiations, after Plaintiffs received adverse rulings from this Court and after completion of substantial discovery over a period of time spanning almost three years. As a result of these negotiations, the parties agreed upon the terms of a proposed Settlement. (Voigt Decl., ¶ 3, Exh. A.) As set forth in the Settlement, Defendants have agreed to pay Plaintiffs consideration to resolve their alleged FLSA claim, as well as any other claims against WOTC arising out of or in connection with the Yale Action, the Shaw et al. Action and/or Plaintiffs' participation as a Magic judge at Magic: The Gathering® events and related activities, including Plaintiffs' alleged California *Labor Code* claims.

Again, WOTC denies Plaintiffs' allegations. Indeed, WOTC's status as an alleged employer has been challenged via motions to dismiss the complaints in both the Yale Action and the Shaw et al. Action, as well as in WOTC's opposition to Plaintiffs' motion for conditional certification in the Shaw et al. Action. Even though WOTC denies that Plaintiffs are entitled to any relief, to avoid the expense of further proceedings, and in light of the potential disruption and uncertainty of further litigation, WOTC negotiated a settlement of this matter with the Plaintiffs, all of who were represented by counsel at all times during the course of the litigation and at all times during the settlement discussions. In fact, Plaintiffs are represented by a total of five law firms in this matter, all of which have experience with wage-hour class and collective action litigation. (Borgen Decl., at ¶¶ 2-8.)

1    Further, given that WOTC denies and disputes that it ever employed
2    Plaintiffs, the perceived coercive effects believed to be inherent in the
3    employee/employer relationship and/or the perceived inequities in the bargaining
4    power between an employer and its employees are not present in this action.
5    Indeed, because WOTC disputes that an employer/employee relationship even
6    existed, and in light of the allegations in this case, neither party had any ability,
7    actual or perceived, to compel, coerce or otherwise require the other to settle any
8    of their claims, causes of action or defenses on terms other than on those terms to
9    which the party independently agreed were fair, reasonable and adequate.

10   Additionally, counsel for Plaintiffs and WOTC have engaged in extensive
11   investigation and discovery regarding Plaintiffs' claims and WOTC's defenses
12   sufficient to allow the parties respective counsel to assess the Settlement's
13   fairness. This investigation and discovery included, *inter alia*, an exchange of
14   initial disclosures, written discovery including thousands of pages of ESI, and
15   five full-day depositions involving three named Plaintiffs and two third-party
16   witnesses.  There was also substantial law and motion where the Parties'
17   respective positions and supporting evidence was at issue, including motions
18   dismiss in the Yale Action and Shaw et al. Action, as well as Plaintiffs' motion
19   for conditional certification in the Shaw et al. Action. (Borgen Decl., at ¶ 8.)

20   Pursuant to the terms of the settlement (Voigt Declaration, ¶ 3, Exh. A), the
21   Plaintiffs will collectively receive $21,250.00, with a settlement of $500.00 each
22   for the majority of the Plaintiffs, and $2,500.00 each for the five originally named
23   Plaintiffs (YALE, SHAW, TURNER, GOLIGHTLY, and STANSFIELD).  The
24   remainder of the settlement is for to attorneys' fees and costs, to be allocated by
25   Plaintiffs' counsel. (*Id.*)  Counsel believes that the settlement is fair and
26   reasonable in light of the facts of these cases and proceedings to date in both
27   cases. Plaintiffs' counsel also asserts that the amount of attorneys' fees and costs
28   is reasonable in light of the nature of this case, the substantial discovery and

motion work completed to date, and the negotiations engaged in by the parties. (Borgen Decl., at ¶ 8.) Thus, the Parties request that the Court grant this Motion and approve the Settlement. Additionally, the Parties request that Plaintiffs' claims in the Yale Action and Shaw et al. Action be dismissed, with prejudice.

## IV.   CONCLUSION

In sum, there is a bona fide dispute over whether WOTC employed any of the Plaintiffs and/or can otherwise be held liable as an employer under, *inter alia*, the FLSA. As indicated, WOTC vehemently denies and disputes that it ever employed Plaintiffs and/or can otherwise be held liable for any of their claims, and has consistently maintained that position over the nearly three years of litigation that has occurred in these related actions prior to the parties' negotiation of the Settlement that is at issue in this Motion. Under these circumstances, the Parties' settlement should be approved. Accordingly, the Parties request that the Court approve the terms of the Settlement, and further request that Plaintiffs' claims in the Yale Action and Shaw et al. Action be dismissed, with prejudice.

DATE:  October 15, 2018          FISHER & PHILLIPS LLP

By: /s/ Shaun J. Voigt
KARL R. LINDEGREN
SHAUN J. VOIGT
CATHARINE MORISSET
Attorneys for Defendant,
WIZARDS OF THE COAST LLC

DATE:  October 15, 2018          NATHAN & ASSOCIATES, APC

By: /s/ Reuben D. Nathan
REUBEN D. NATHAN
Attorneys for Plaintiffs

# PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 444 S. Flower Street, Suite 1500, Los Angeles, CA 90071.

On **October 15, 2018**, I served the foregoing document entitled **JOINT MOTION TO APPROVE THE PARTIES' FLSA SETTLEMENT** on all the appearing and/or interested parties in this action as follows:

**SEE ATTACHED MAILING LIST**

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 15, 2018**, at Los Angeles, California.

MELODY BIGLAY                             By:  */s/ Melody Biglay*
Print Name                                                       Signature

## MAILING LIST

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone: (415) 983-0900<br>Facsimile: (415) 397-9005<br>Email: matt@righettilaw.com<br>jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>2901 W. Pacific Coast Highway, Ste 200<br>Newport Beach, CA 92663<br>Telephone: (949) 270-2798<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| David Borgen, Esq.<br>James Kan, Esq.<br>GOLDSTEIN BORGEN DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612-3536<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>dborgen@gbdhlegal.com<br>jkan@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Michael Malk, Esq.<br>MALK LAW FIRM<br>1180 S. Beverly Dr., Suite 302<br>Los Angeles, CA 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |